UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Federal Case No.:0:16-cv-62610
State Case No.: CACE-16-016813 (05)

A&M GERBER CHIROPRACTIC, LLC,
a/a/o Conor Carruthers, on behalf of itself
and all others similarly situated,

    Plaintiff,

v.

GEICO GENERAL INSURANCE
COMPANY,

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant, GEICO GENERAL INSURANCE COMPANY (GEICO), pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d) and 28 U.S.C. § 1453, as well as 28 U.S.C. §§ 1441 and 1446, hereby removes to this Court the state court action described below from the Seventeenth Judicial Circuit in and for Broward County, Florida to the United States District Court of the Southern District of Florida with full reservation of all defenses and states:

**I.    Introduction**

1. The Plaintiff, A&M GERBER CHIROPRACTIC, LLC, (GERBER) filed suit on September 9, 2016, in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, styled *A&M Gerber Chiropropractic, LLC a/a/o Conor Carruthers, on behalf of itself and all others similarly situated, v. GEICO General Insurance Company,* bearing Case No.: CACE 16-16813.  (See, Exhibit 1). Service of initial process occurred on October 4, 2016. (See, Exhibit 2).  Thus, this Notice of Removal is timely filed in accordance with 28 U.S.C. §1446.

2. GERBER alleges it is a Florida Limited Liability Company and it provided medical services and supplies to GEICO's insured, Conor Carruthers. GERBER alleges, by way of assignment, it submitted certain medical bills to GEICO for payment and GEICO did not pay the bills as submitted.

3. Specifically, GERBER asserts some of its bills were adjusted using "explanation code BA," and whenever that code was utilized, GERBER's bills were paid but in a reduced amount. GERBER asserts the amount which should have been paid is the billed amount and further asserts GEICO's policy of motor vehicle insurance requires payment of the billed amount.

4. GERBER alleges GEICO's practice is improper, widespread and therefore deserving of class action status. GERBER brings a "class action for declaratory relief" (Count I) and seeks:

- A finding that this action satisfies the prerequisites for maintenance as a class action set forth in Florida Rule of Civil Procedure 1.220(b)(2);

- An Order designating Plaintiff as representative of the Class and its counsel as Class counsel;

- An Order requiring Defendant provide notice to all Class Members regarding the rulings, findings, declarations in this matter and their legal rights with respect to GEICO's improper interpretation of the Policy;

- A declaration that Defendant's Policy requires payment of 100% of the billed charges for all charges submitted under the Policy that are below the fee schedule amount;

- A declaration that Defendant's conduct constitutes a breach of the insurance Policy; and

- Attorney's Fees and Costs.

5. The trial Court has granted an extension of time to GEICO in which to file its response to the Complaint up through and including November 14, 2016. (See, Exhibit 3).

**II.     Jurisdiction**

6.      The Complaint identifies GERBER as the sole Plaintiff.  GERBER is a Florida Limited Liability Company domiciled in the State of Florida.  Its principle business address is 6860 Bruce Court, Lake Worth, Palm Beach County, Florida 33463.

7.      The Complaint identifies GEICO as the sole defendant.  GEICO is domiciled in the State of Maryland.

### A.  This Court Has Jurisdiction Over This Action Under CAFA

8.      As such, this action is removable to this Court, and this Court has jurisdiction over this action, under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, 28 U.S.C. § 1441(a) and (b), and 28 U.S.C. § 1453, because this is a putative class action with more than 100 putative class members that are seeking to recover in excess of $5,000,000 in the aggregate, and there is minimal diversity.

9.      Plaintiff filed this putative class action on behalf of a class defined as follows:

*All health care providers who submitted claims for no-fault benefits under PIP policies to which Endorsement FLPIP (01-13), and any subsequent policies with substantially similar language that were in effect since January 1, 2013, (the "Class Period"), where GEICO utilized the Code BA with respect to the payment of any claim.*

*See*, Exhibit 1, Plaintiff's Class Action Complaint, paragraph 21.

10.     The Complaint seeks to certify a class under Rule 1.220 of the Florida Rules of Civil Procedure, which is the Florida equivalent to Rule 23 of the Federal Rules of Civil Procedure.  (See, Exhibit 1, Plaintiff's Complaint, paragraphs 21 thru 29).

11.     CAFA reflects Congress's intent to have federal courts adjudicate substantial class action suits brought against out-of-state defendants. Toward that end, CAFA expressly provides that class actions filed in state court are removable to federal court. CAFA expands federal jurisdiction over class actions by amending 28 U.S.C. § 1332 to grant original

jurisdiction where the putative class contains at least 100 class members; and any member of the putative class is a citizen of a State different from that of any defendant; and the amount in controversy exceeds $5,000,000 in the aggregate for the entire class, exclusive of interest and costs. 28 U.S.C. § 1332(d).

12. This suit satisfies all the requirements under CAFA for federal jurisdiction: (1) the putative class exceeds 100; (2) some of the members of the proposed class have a different citizenship from GEICO; (3) the amount in controversy exceeds $5,000,000; and (4) the exceptions to CAFA do not apply here. See 28 U.S.C. § 1332(d).

### B. The Putative Class Size Exceeds 100

13. CAFA requires that the class consist of at least 100 persons. 28 U.S.C. § 1332(d)(5). That requirement is clearly met here. While Plaintiff does not identify the number of putative class members, a review of GEICO's records indicates that there are likely more than 100 individual policy holders or omnibus insureds (insureds) implicated by the putative class and the requested relief. (See, Exhibit 4, Affidavit of David Antonacci). Accordingly, it is clear that there will be in excess of 100 class members implicated in the class asserted by the Plaintiff in this Action.

### C. There Is Minimal Diversity Sufficient to Establish CAFA Jurisdiction

14. The second CAFA requirement is at least minimal diversity—at least one putative class member must be a citizen of different state than one defendant. 28 U.S.C. § 1332(d)(2).

15. Specifically, Plaintiff was domiciled in the state of Florida at the time the state court action was commenced and still is a domiciliary of the state of Florida as of the date of filing this Notice. Further, the plaintiff is a citizen of the state of Florida, and of the United States of America.

16. Defendant is a foreign corporation, with its principal place of business in the State of Maryland at the time the state court action was commenced and still is a foreign corporation as of the date of filing this notice. Further, for purposes of this notice, the defendant is a citizen of the State of Maryland

17. Thus, there is diversity here, as the Plaintiff is a citizen of Florida and GEICO is a citizen of Maryland. Thus, this prerequisite of CAFA is met. 28 U.S.C. § 1332(d)(2).

### D. The CAFA Amount in Controversy Requirement of $5,000,000 Is Met

18. CAFA also requires that the aggregate amount in controversy exceed $5,000,000 for the entire putative class in the aggregate, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2).

19. As the United States Supreme Court has held, GEICO's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554 (2014). "Evidence establishing the amount is required by §1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*[1]

---

[1] To support CAFA jurisdiction, it must be "more likely than not" that the amount in controversy exceeds the jurisdictional requirement. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010); see also South Florida Wellness, Inc. v. Allstate Ins. Co., 745 F.3d 1312, 1315 (11th Cir. 2014). To meet that burden, a removing party can provide "specific factual allegations establishing jurisdiction and can support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations . . . . [A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. " Pretka, 608 F.3d at 754. In meeting this burden, the removing party may present "affidavits, declarations, or other documentation." Id. at 755 (citations omitted); see also Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000) (the district court may "require parties to submit summary- judgment-type evidence relevant to the amount in controversy at the time of removal") (citations omitted); Fowler v. Safeco Ins. Co. of Am., 915 F.2d 616, 617 (11th Cir. 1990) ("Defendants have the opportunity to submit affidavits, depositions, or other evidence to support removal").

20.  Here, based upon Plaintiff's allegations and theories (which GEICO disputes, but which control for removal purposes), GEICO plausibly alleges that the $5,000,000 CAFA amount in controversy requirement is satisfied.  (See, Exhibit 4 - 1,000,000 claims at $11.84 per claim results in a potential value of $11,840,000).

### E.  The exceptions to CAFA Do Not Apply Here

21.  CAFA provides two mandatory exceptions to the application of federal jurisdiction (both of which the Eleventh Circuit has labeled the "local controversy exception"), and one discretionary exception. 28 U.S.C. § 1332(d)(3)-(4); *see also Evans v. Walter Indus., Inc.,* 449 F.3d 1159, 1163 (11th Cir. 2006) (discussing the "local controversy exception"); *Gavron v. Weather ShieldMfg.,* No. 10-22088, 2010 WL 3835115, at *2-3 (S.D. Fla. Sept. 29, 2010). The burden of establishing the exceptions to CAFA rests not on Progressive, but rather on Plaintiff as the non-removing party. *Evans*, 449 F.3d at 1164 ("[W]hen a party seeks to avail itself of an express statutory exception to federal jurisdiction granted under CAFA, as in this case, we hold that the party seeking remand bears the burden of proof with regard to that exception.").

22.  In this case it is clear that none of these exceptions can apply, and Plaintiff could not possibly meet its burden of establishing any exception. Each of the CAFA exceptions requires, as a starting point, an in-state defendant. 28 U.S.C. § 1332(d)(3)-(4) (requiring either "significant relief" to be sought from an in-state defendant or requiring the "primary defendant" to be an in-state one). Here, the *sole* defendant is GEICO, which is a non-Florida insurance company. As such, none of the CAFA exceptions can possibly apply here.

### F.  This Action is Properly Removed

23. Accordingly, because the CAFA prerequisites are met and none of the exceptions applies, this case is properly removable under CAFA.

24. The undersigned state that this removal is well-grounded in fact, warranted by existing law, and not interposed for any improper purpose.

WHEREFORE, GEICO prays that this Court will consider this Notice of Removal as provided by law governing the removal of cases to this Court; that this Court will make the proper orders to achieve the removal of the State Court Action to this Court; and that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in the State Court Action.

>COLE, SCOTT & KISSANE, P.A.
>*Counsel for Defendant*
>Lakeside Office Center, Suite 500
>600 North Pine Island Road
>Plantation, Florida 33324
>Telephone (954) 343-3929
>Facsimile (954) 474-7979
>Primary e-mail: peter.weinstein@csklegal.com
>Secondary e-mail: omar.giraldo@csklegal.com
>Alternate e-mail:  karen.henley@csklegal.com;
>jurana.juarbe@csklegal.com;
>ruth.patrick@csklegal.com
>
>By:  s/ Peter D. Weinstein
>PETER D. WEINSTEIN
>Florida Bar No.:  913502
>OMAR A. GIRALDO
>Florida Bar No.:  92402

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this November 3, 2016, a true and correct copy of the foregoing was served, via electronic mail, upon the persons on the attached service list.

/s Peter D. Weinstein, Esq.
Attorney for Defendant

**SERVICE LIST**

Counsel(s) for Plaintiff:

| | |
|---|---|
| Edward H. Zebersky, Esq. | Steven R. Jaffe, Esq. |
| Fla. Bar No. 0908370 | Fla. Bar No. 390770 |
| Michael T. Lewenz, Esq. | Mark. S. Fistos, Esq. |
| Fla. Bar No. 111604 | Fla. Bar No. 909191 |
| ZEBERSKY PAYNE, LLP | FARMER, JAFFE, WEISSING, EDWARDS, |
| 110 S.E. 6th Street, Ste. 2150 | FISTOS & LEHRMAN, P.L. |
| Fort Lauderdale, FL 33301 | 425 North Andrews Avenue, Suite 2 |
| Telephone: (954) 989-6333 | Fort Lauderdale, FL 33301 |
| Facsimile: (954) 989-7781 | Telephone: (954) 524-2820 |
| ezebersky@zpllp.com | Facsimile: (954) 524-2822 |
| mlewenz@zpllp.com | steve@pathtojustice.com |
| | mark@pathtojustice.com |