IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:16-cv-62610-BLOOM/Valle

A&M GERBER CHIROPRACTIC, LLC,
a/a/o Conor Carruthers, on behalf of itself
and all others similarly situated,

      Plaintiff,

v.

GEICO GENERAL INSURANCE
COMPANY,

      Defendant.

_____/

## AMENDED CLASS ACTION COMPLAINT[1]

Plaintiff, A&M GERBER CHIROPRACTIC, LLC, a/a/o Conor Carruthers ("Chiropractor" or "Plaintiff"), on behalf of itself and all others similarly situated, for its Class Action Complaint, hereby sues Defendant, GEICO GENERAL INSURANCE COMPANY ("GEICO" or "Defendant"), and alleges as follows:

## NATURE OF THE ACTION

1.     This is a class action for declaratory relief the value of which in the aggregate exceeds $15,000.00 exclusive of all costs and attorney's fees. Plaintiff is not in a position to assert whether the claims in the aggregate exceed $5,000,000.00 and accordingly cannot make such a claim. Moreover, this action does not assert a claim for any monetary relief.

2.     Plaintiff is a Florida profit corporation with its principal place of business in Florida.

---

[1] By filing this Amended Complaint the Plaintiff does not Consent to the Jurisdiction of this Court or waive its right to seek remand as more fully set forth in its Motion to Remand [D.E. 7].

*A&M Gerber Chiropractic, LLC*
*v. GEICO General Insurance Company*
Case No. 0:16-cv-62610-BLOOM/Valle
Amended Class Action Complaint

3.      Defendant is a Delaware corporation with its principal place of business located in the District of Columbia. GEICO provides automobile insurance throughout the State of Florida, is registered to do business in Florida, and transacts business in Broward County, maintaining an office and representatives there from where it continues to transact insurance business.

4.      The action does not seek the determination of the reasonableness of any individual charge or reimbursement but to interpret one specific portion of an ambiguous form insurance contract(s) ("Policy" or "Policies") and GEICO general business practice related to its own interpretation of that form contract(s).

### Background Information – Florida Motor Vehicle No-Fault Law

5.      Under the Florida Motor Vehicle No-Fault Law, automobile operators are required to secure "personal injury protection" ("**PIP**") coverage that provided a minimum of $10,000.00 in combined medical expense and lost wage coverage that was payable to the insured if the insured was involved in an automobile accident and suffered covered losses. *See, e.g.,* § 627.736(1)(a), Fla. Stat. (2015).  In essence, the statute required that a PIP insurer was to pay "eighty percent of all reasonable expenses for medically necessary medical" treatment.

6.      In, 2007, the Florida Legislature adopted a permissive fee schedule which permitted insurance carriers to utilize the Medicare Part B participating provider fee schedule to as a per se determination of the "reasonable" amount for medical services.[2]

---

[2] The statute utilizes different Medicare fee schedules for different treatment.  However, for the services material to this action, the Medicare Part B participating provider fee schedule is used.

*A&M Gerber Chiropractic, LLC*
*v. GEICO General Insurance Company*
Case No. 0:16-cv-62610-BLOOM/Valle
Amended Class Action Complaint

7. GEICO, at all times material has attempted to adopt the fee schedule permitted by Section 627.736(5)(a), Florida Statutes, into its applicable Policy, and has asserted that it provided adequate notice of the election to use the actual fee schedule.[3]

8. The Florida PIP Statute (2014 – present) provides for the payment of claims as follows:

**(5) Charges for treatment of injured persons.--**

(a) A physician, hospital, clinic, or other person or institution lawfully rendering treatment to an injured person for a bodily injury covered by personal injury protection insurance may charge the insurer and injured party only a reasonable amount pursuant to this section for the services and supplies rendered, and the insurer providing such coverage may pay for such charges directly to such person or institution lawfully rendering such treatment if the insured receiving such treatment or his or her guardian has countersigned the properly completed invoice, bill, or claim form approved by the office upon which such charges are to be paid for as having actually been rendered, to the best knowledge of the insured or his or her guardian. However, such a charge may not exceed the amount the person or institution customarily charges for like services or supplies. In determining whether a charge for a particular service, treatment, or otherwise is reasonable, consideration may be given to evidence of usual and customary charges and payments accepted by the provider involved in the dispute, reimbursement levels in the community and various federal

---

[3] The applicable fee schedule or payment limitation under Medicare is the fee schedule or payment limitation in effect on March 1 of the service year in which the services, supplies, or care is rendered and for the area in which such services, supplies, or care is rendered, and the applicable fee schedule or payment limitation applies to services, supplies, or care rendered during that service year, notwithstanding any subsequent change made to the fee schedule or payment limitation, except that it may not be less than the allowable amount under the applicable schedule of Medicare Part B for 2007 for medical services, supplies, and care subject to Medicare Part B. For purposes of this subparagraph, the term "service year" means the period from March 1 through the end of February of the following year.

*A&M Gerber Chiropractic, LLC*
*v. GEICO General Insurance Company*
Case No. 0:16-cv-62610-BLOOM/Valle
Amended Class Action Complaint

and state medical fee schedules applicable to motor vehicle and other insurance coverages, and other information relevant to the reasonableness of the reimbursement for the service, treatment, or supply.

1. *The insurer may limit reimbursement to 80 percent of the following schedule of maximum charges*:

   f. *For all other medical services, supplies, and care, 200 percent of the allowable amount under:*

      (I)   *The participating physicians fee schedule of Medicare Part B,* except as provided in sub-sub-subparagraphs (II) and (III).

9.      Pursuant to Florida law an insurance company cannot provide lesser coverage than as required under the statute, but can provide greater coverage.

10.     In endorsement, FLPIP (01-13) the GEICO Policy elected the use of the fee schedule but also included the following language:

A charge submitted by a provider, for an amount less than the amount allowed above, shall be paid in the amount of the charge submitted.

An exemplar of this Policy Endorsement is attached hereto as Exhibit A. The Plaintiff does not have a copy of the entire policy and therefore cannot attach same to the complaint. It is Plaintiff's understanding and belief that this language appears in the current form Policy and endorsements used by GEICO in the State of Florida.

11.     Notwithstanding this Policy language, GEICO, as a general business practice, pays only 80% of the billed amount when the charge submitted by the provider is less than the

*A&M Gerber Chiropractic, LLC*
*v. GEICO General Insurance Company*
Case No. 0:16-cv-62610-BLOOM/Valle
Amended Class Action Complaint

fee schedule amount—the amount allowed per the fee schedule. It is Plaintiff's position that GEICO is required to pay the full billed amount.

### GENERAL FACTS RELATED TO INDIVIDUAL PLAINTIFF

12.     On or about March 18, 2015, Conor Carruthers ("Carruthers") was involved in a motor vehicle accident, and as a result, sustained bodily injuries related to the operation, maintenance, or use of a motor vehicle.

13.     At that time, Carruthers was a contracting party and/or a named insured and/or an omnibus insured under an automobile insurance policy issued by GEICO, and that Policy was in full force and effect, and provided PIP coverage as required by law to comply with Florida's Motor Vehicle No-Fault Law.   Conor Carruthers sought from Plaintiff medically necessary services for injuries related to an automobile accident.  In exchange for those services, Patient assigned all benefits under the subject policy to Plaintiff.  The purpose of the assignment was to authorize Plaintiff to bill Defendant directly for the medical services provided to Patient, and to require Defendant to pay Plaintiff directly at its home office.  In other words, Plaintiff stepped into Patient's shoes and became a party to the insurance contract.

14.     Part of the treatment was for services billed under CPT Code 97110. The Plaintiff charged $60.00 for charges attributed to CPT Code 97110 four (4) times.  This charge is less than the amount payable under the elected fee schedule; however, the Defendant only paid $48.00 per treatment for a total of $192.00, instead of the charged amount of $240.00.

A&M Gerber Chiropractic, LLC
v. GEICO General Insurance Company
Case No. 0:16-cv-62610-BLOOM/Valle
Amended Class Action Complaint

15.     Treatment was also rendered pursuant to CPT code 97140 which charge is less than 80% of the amount payable under the elected fee schedule, however Defendant only paid $36.00 instead of the charged amount of $45.00.

16.     For each one of these payments the Defendant submitted an Explanation of Review that contained the code BA for each charge that is below the fee schedule amount. See EORs attached hereto as Exhibit B. The BA code is based on GEICO's alleged misapplication of its form contract on a class-wide basis as described in this complaint.

## DEFENDANT'S APPLICATION OF EXPLANATION CODE BA HAS BEEN WIDESPREAD

17.     The above-described Policy, including subsequently enacted endorsements that contain substantially similar language, is an insurance contract, based on a standardized form whose versions, coverages, and endorsements and claims payment information are assigned uniform alphanumeric codes.

18.     The Policy terms and PIP statute equally apply to Defendant's insureds and assignees of the Policy, including Plaintiff and Class Members.

19.     Interpretation of the Policy, the PIP statute, and its amendments are not dependent on the factual circumstances applying to Plaintiff and each Class Member. Plaintiff's claim presents a question of law for the Court whose determination and resolution would apply to Plaintiff and all Class Members across the board.

20.     Upon information and belief, Defendant tracks its general business practice as it relates to each member of the Class electronically and maintains electronic records that are

*A&M Gerber Chiropractic, LLC*
*v. GEICO General Insurance Company*
Case No. 0:16-cv-62610-BLOOM/Valle
Amended Class Action Complaint

searchable. Upon information and belief, Defendant routinely utilized an identical standardized

explanation code: BA.

21.     The common injury that Defendant caused Plaintiff and Class Members stems

from Defendant's misinterpretation of its form Policy(ies).

## CLASS ACTION ALLEGATIONS

22.     Plaintiff wishes to be designated as a "Class Representative," and as Class

Representative brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure[4] on

behalf of all other persons similarly situated—the "Class" or "Class Members" defined as

follows:

> Class Definition
> All health care providers who submitted claims for no-fault
> benefits under PIP policies to which Endorsement FLPIP (01-13),
> and any subsequent policies with substantially similar language
> that were in effect since January 1, 2013, (the "Class Period"),
> where GEICO utilized the Code BA with respect to the payment of
> any claim.

Plaintiff and Class Members reserve the right to amend the Class definition as discovery

proceeds and to conform to the evidence. Excluded from the Class are: any Defendant, and any

subsidiary or affiliate of that Defendant, and the directors, officers and employees of that

Defendant or its subsidiaries or affiliates, and members of the federal judiciary.

23.     Numerosity (Rule 23(a)(1)). Plaintiffs allege on information and belief that the

number of Class Members is so numerous that joinder of them is impractical. Plaintiff's belief is

---

[4] The Plaintiff has filed a Motion to Remand this case back to State Court. If the matter is
remanded, the Plaintiff intends to file another complaint changing the elements pled in this
section based on Rule 1.220.

*A&M Gerber Chiropractic, LLC*
*v. GEICO General Insurance Company*
Case No. 0:16-cv-62610-BLOOM/Valle
Amended Class Action Complaint

based on information indicating the number of medical providers in Florida, the number of

Defendant's insureds in Florida, and that GEICO has had a general business practice of applying

explanation code BA to its claims to effect payments.

24.    At this time, Plaintiff does not know the exact number of Class Members, but the

members of the Class will be easily ascertained through GEICO's records through the use of

their own computer data.  Indeed, a simple run of the data will uncover all claims information,

including claims with explanation code BA, which will provide each Class Member and claim

for which GEICO improperly interpreted its Policy(ies).  This data will enable the Plaintiff to

easily determine common action and liability as well as damages for all putative insured's

claims.

25.    <u>Commonality (Rule 23(a)(2))</u>.  There are common questions of law and/or fact

that predominate over any questions affecting only individual members of the class.  These

principal common issues include the following:

      a.  What is the proper interpretation of its Policy(ies);

      b.  Whether the applicable Policy(ies) require payment of 100% of billed charges for all claims that utilize explanation code BA;

      c.  Whether the Plaintiff and the Class are entitled to declaratory relief to determine the parties' respective rights and obligations concerning the provisions of GEICO's policies that contain Endorsement FLPIP (01-13) and any subsequent similarly similar policy language;

      d.  Whether the Plaintiff and the Class are entitled to information notice to inform them that the Defendant has not properly paid claims that were paid based on the BA code;

      e.  Whether GEICO breached its insurance policy(ies).

[1573839/1]                                                      8

A&M Gerber Chiropractic, LLC
v. GEICO General Insurance Company
Case No. 0:16-cv-62610-BLOOM/Valle
Amended Class Action Complaint

26.    Typicality (Rule 23(a)(3)).  The claims of the Class Representative are typical of

the claims that would be asserted by other members of the Class in that, in proving its claims,

Plaintiff will simultaneously prove the claims of all Class Members.  Plaintiff and each Class

Member is a health care provider insured under Defendant's standardized Policy, whose claims

pursuant to Defendant's PIP Policy have been underpaid based solely on the Defendant's

improper reading of its own insurance policy.

27.    Adequacy (Rule 23(a)(4)).  The Class Representative is a health care provider

doing business in Florida that has no conflicts of interest and will fairly and adequately protect

and represent the interests of each member of the Class.  Additionally, the Class Representative

is fully cognizant of its responsibility as Class Representative and has retained experienced

counsel fully capable of, and intent upon, vigorously pursuing the action.  Each class counsel has

extensive experience in class and/or insurance claims and litigation.

28.    Rule 23(b)(2).  Under Count I GEICO has acted or refused to act on grounds or in

a manner generally applicable to all members of the Class, thereby making declaratory relief to

the entire Class particularly appropriate.  Defendant systematically and routinely improperly

interpreted its Policy(ies), affecting Plaintiff and each Class Member.

29.    Because Plaintiff seeks declaratory relief for Class Members under Rule 23(b)(2),

the prosecution of separate declaratory actions by individual Class Members would create a risk

of inconsistent or varying adjudications with respect to individual Class Members that would

establish incompatible standards of conduct for the Defendant.  Further, adjudications with

respect to individual Class Members would, as a practical matter, be dispositive of the interests

*A&M Gerber Chiropractic, LLC*
*v. GEICO General Insurance Company*
Case No. 0:16-cv-62610-BLOOM/Valle
Amended Class Action Complaint

of other Class Members who are not parties to the adjudication and may impair and impede their ability to protect their interests. Certification is also appropriate because there is no claim for monetary relief.

30. Rule 23 (b)(3). In the alternative to a (b)(2) certification, there are several predominant common questions stated above. Under Count I questions of law or fact common to the Class Representative's claim and the claim of each member of the class as described above predominate over any questions of law or fact affecting only individual members of the class. Moreover, class representation is clearly superior to other available methods for the fair and efficient adjudication of this controversy.

### COUNT I
### DECLARATORY JUDGMENT
### (CLASS CLAIM)

31. Plaintiff and the Class repeat and re-allege each and every allegation contained in Paragraphs 1 through 30 above, as if the same were fully alleged therein.

32. All conditions precedent to this action have occurred, been satisfied or been waived.

33. Plaintiff and all putative Class Members have submitted claims for PIP benefits to the Defendant for payment under Defendant's standardized insurance Policy.

34. The Policy contains language that not only elects the use of the fee schedules permitted in Florida PIP Law, but also contains language relating to the payment of claims when the amount charged is less than the fee schedule amount.

*A&M Gerber Chiropractic, LLC*
*v. GEICO General Insurance Company*
Case No. 0:16-cv-62610-BLOOM/Valle
Amended Class Action Complaint

35.     Each charge that is below the fee schedule amount is reviewed by the Defendant and given the BA code on each of its Explanation of Reviews.

36.     It is Plaintiff's position that the correct interpretation of the Policy language is that the Defendant is required to pay the full charged amount when the amount charged is less than the applicable fee schedule amount.

37.     The Defendant has disputed this interpretation and has instead asserted that based on its own interpretation of the Policy, it is only required to pay 80% of the billed amount and has indeed only made that payment.

38.     Accordingly, Plaintiff, individually and on behalf of all those similarly situated, are in doubt about the proper interpretation of the Policy and therefore are uncertain about their rights and obligations under the Policy and requests this Court to interpret the Policy and declare its rights and obligations under the Policy.

39.     There is a bona fide, actual, present, practical need for the Court to declare the proper interpretation of the Policy.

40.     Plaintiff and the putative class has interests adverse to Defendant and the declaration requested deals with a present ascertainable state of facts as presented in the allegations set forth above.

41.     There is also an actual controversy between GEICO, Plaintiff and all Class Members concerning the proper construction and interpretation of the Policy assigned to Plaintiff and Class Members.  Specifically, there is a legitimate dispute over, inter alia, during the Class

A&M Gerber Chiropractic, LLC
v. GEICO General Insurance Company
Case No. 0:16-cv-62610-BLOOM/Valle
Amended Class Action Complaint

Period: whether GEICO improperly interpreted its policy and reduced the payment amounts on charges below the fee schedule, and only paid 80% of the charge on a class-wide basis.

**WHEREFORE**, Class Representative, individually and on behalf of the Class of persons similarly situated, and pursuant to Chapter 86, Florida Statutes, and 28 U.S.C. § 2201 hereby requests a declaratory judgment interpreting Florida Statute 627.736 and the insurance Policy issued by GEICO described herein, and prays for an Order as follows:

a.     Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Federal Rule of Civil Procedure 23(b)(2);

b.     Designating Plaintiff as representative of the Class and its counsel as Class counsel;

c.     Entering judgment in favor of Plaintiff and the Class and against Defendant;

d.     Awarding attorney fees and costs under Section 627.428, Florida Statutes, for prosecuting this action;

e.     Entering judgment as follows:

1)     Declaring that the proper interpretation of the Defendant's Policy requires payment of 100% of the billed charges for all charges submitted under the Policy that are below the fee schedule amount;

2)     Entry of an order requiring Defendant provide notice to all Class Members regarding the rulings, findings, declarations in this matter and their legal rights with respect to GEICO's improper interpretation of the Policy; and,

A&M Gerber Chiropractic, LLC
v. GEICO General Insurance Company
Case No. 0:16-cv-62610-BLOOM/Valle
Amended Class Action Complaint

    3)      Granting such further relief as the Court deems just and equitable,

including but not limited to, awarding the attorneys' fees and costs pursuant to Section

627.428, Florida Statutes, incurred in the prosecution of this action.

## JURY DEMAND

Plaintiff requests trial by jury on all issues so triable.

Dated: <u>December 1, 2016</u>              Respectfully submitted,

                        <u>s/Todd S. Payne</u>
                        Todd S. Payne, Esq. (FBN 834520)
                        *tpayne@zpllp.com*
                        Edward H. Zebersky, Esq. (FBN 908370)
                        *ezebersky@zpllp.com*
                        ZEBERSKY PAYNE, LLP
                        110 Southeast 6th Street, Suite 2150
                        Ft. Lauderdale, FL 33301
                        Telephone:  (954) 989-6333
                        Facsimile:   (954) 989-7781

                        ***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that on <u>December 1, 2016</u>, the foregoing was filed with the Clerk of the

Court using the CM/ECF system, which will send a notice of electronic filing to counsel of

record on the below service list.

                        <u>s/Todd S. Payne</u>
                        Attorney

*A&M Gerber Chiropractic, LLC*
*v. GEICO General Insurance Company*
Case No.  0:16-cv-62610-BLOOM/Valle
Amended Class Action Complaint

## Service List

*A&M Gerber Chiropractic, LLC, etc. v. GEICO General Insurance Company*
Case No. 16-cv-62610-BLOOM/Valle

### Counsel for Plaintiff:
Todd S. Payne, Esq.
*tpayne@zpllp.com*
Edward H. Zebersky, Esq.
*ezebersky@zpllp.com*
ZEBERSKY PAYNE, LLP
110 Southeast 6th Street, Suite 2150
Ft. Lauderdale, FL 33301
Tel.:  (954) 989-6333
Fax:  (954) 989-7781

Steven R. Jaffe, Esq.
*steve@pathtojustice.com*
Mark S. Fistos, Esq.
*mark@pathtojustice.com*
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, FL  33301
Telephone:  (954) 524-2820
Facsimile:  (954) 524-2822

### Counsel for Defendant:
Peter D. Weinstein, Esq.
*peter.weinstein@csklegal.com*
Omar A. Giraldo, Esq.
*omar.giraldo@csklegal.com*
COLE, SCOTT & KISSANE, P.A.
600 N. Pine Island Road, Suite 500
Plantation, FL  33324