UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-62610-BLOOM/Valle

A&M GERBER CHIROPRACTIC LLC,
a/a/o Conor Carruthers, on behalf of itself
and all others similarly situated,

    Plaintiff,

v.

GEICO GENERAL INSURANCE COMPANY,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon a Motion to Dismiss filed by Defendant Geico General Insurance Company ("GEICO"), ECF No. [46] (the "Motion"). The Court has carefully considered the Motion, all supporting and opposing filings, the relevant authority, and is otherwise duly advised in the premises. For the reasons that follow, the Motion is denied.

### I. BACKGROUND

Plaintiff A&M Gerber Chiropractic LLC ("Plaintiff") filed a Complaint, since amended, in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, which GEICO removed to this Court thereafter. Plaintiff is a legal entity that provided medical treatment to an individual named Conor Carruthers ("Carruthers") for injuries Carruthers sustained in an automobile accident. *See* ECF No. [23] ("Amended Complaint") ¶ 13. Carruthers is a "contracting party and/or named insured" on an insurance policy issued by GEICO (the "Policy"), and in exchange for treatment, Carruthers "assigned all benefits under the subject policy to Plaintiff." *Id.*

According to Plaintiff, GEICO pays Policy claims pursuant to the fee schedule permitted by Fla. Stat. § 627.736(5)(a) and GEICO's own endorsement, FLPIP (01-13) (the "Endorsement"). *See id.* ¶¶ 7, 10. Under the Endorsement, GEICO states that "[a] charge submitted by a provider, for an amount less than the amount allowed above, shall be paid in the amount of the charge submitted." *Id.* ¶ 10. Notwithstanding this Endorsement, Plaintiff alleges that GEICO pays only 80% of the billed amount when the charge submitted by the provider is less than the fee schedule amount. *See id.* ¶ 11. In this case, Plaintiff billed GEICO for services less than the amount payable under the elected fee schedule, and pursuant to the Policy and Endorsement, GEICO paid 80% of the charge submitted. *See id.* ¶ 14. Plaintiff pleads that pursuant to its interpretation of the Policy and Endorsement, GEICO paid an incorrect amount, a practice GEICO allegedly employs on a wide-spread scale. *See id.* ¶¶ 11, 21. As such, Plaintiff seeks a declaratory judgment from this Court on behalf of itself and a class of individuals, asking the Court to "interpret[ ] Florida Statute 627.736 and the insurance policy issued by GEICO" and declare that "Defendant's Policy requires payment of 100% of the billed charges for all charges submitted under the Policy that are below the fee schedule amount." *Id.* at 12. Plaintiff "does not assert a claim for any monetary relief," but rather, requests that the Court enter an order requiring notice to class members and grant attorneys' fees and associated costs. *See id.* ¶ 1.

Plaintiff moved to remand proceedings back to state court on November 10, 2016, arguing that GEICO had failed to establish the amount in controversy required under the Class Action Fairness Act ("CAFA"). *See* ECF No. [7]. The Court denied the motion to remand, finding that GEICO had satisfied CAFA's amount in controversy requirement, and that Plaintiff did not "lack[ ] standing on the bases alleged." ECF No. [45] at 6, 10. The instant Motion to Dismiss followed and is now ripe for adjudication. *See* ECF Nos. [49], [50].

## II. LEGAL STANDARD

Rule 8 of the Federal Rules requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requests dismissal for "failure to state a claim upon which relief can be granted."

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful

conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

### III.   DISCUSSION

GEICO argues four bases for dismissal. First, it asserts that Plaintiff fatally failed to allege compliance with the pre-suit notice requirement at Fla. Stat. § 627.736(10). Next, GEICO claims that the Amended Complaint is in actuality a breach of contract claim impermissibly brought under the guise of an action for declaratory relief. GEICO also argues that Plaintiff lacks standing to bring its claim, and that the cause of action is "legally incorrect." Motion at 5. The Court addresses each argument in turn, as appropriate.

#### A.   Pre-Suit Notice

Plaintiff pleads in the Amended Complaint that "[a]ll conditions precedent to this actions have occurred, been satisfied or been waived." Amended Complaint ¶ 32. GEICO, however, believes this allegation insufficient, and argues that Plaintiff must additionally plead compliance with Florida's No-Fault Law at Fla. Stat. § 627.736(10). Under that section, "as a condition precedent to filing any action for benefits . . . written notice of an intent to initiate litigation must be provided to the insurer." This pre-suit notice provision is substantive, not procedural. *See*

4

*Menendez v. Progressive Exp. Ins. Co.*, 35 So. 3d 873 (Fla. 2010).  However, the only Florida appellate body to have addressed the issue has held that where a "declaratory judgment action seeks no damages whatsoever, it is not an 'action for benefits,'" and "[t]herefore, the [pre-suit notice] statute doesn't apply."[1]  *Bristol W. Ins. Co. v. MD Readers, Inc.*, 52 So. 3d 48, 51 (Fla. 4th DCA 2010); *accord AA Suncoast Chiropractic Clinic, P.A. v. Progressive Am. Ins. Co.*, 2016 WL 740719, at *3 (M.D. Fla. Feb. 25, 2016) (relying on *Bristol* to hold that "[i]f the relief sought is a declaratory judgment . . . pre-suit notice is not required in Florida.").  The Court is bound by *Bristol*,[2] and thus, finds compliance with Fla. Stat. § 627.736(10) unnecessary in this action for declaratory relief.[3]  *See Inlet Condo. Ass'n, Inc. v. Childress Duffy, Ltd., Inc.*, 615 F. App'x 533, 537 (11th Cir. 2015) (explaining that a court must apply the law as declared by the Florida Supreme Court, and absent authority from the Florida Supreme Court, "Florida's intermediate appellate courts to determine issues of state law as [a court] believe[s] the Florida Supreme Court would." (internal citations omitted)).

B.   **Breach of Contract**

GEICO next argues that the Court should, in its discretion, deny Plaintiff's request for declaratory relief because a "'better or more effective'" breach of contract "'alternative remedy'"

---

[1] As did the Fourth District Court of Appeals, the Court holds Plaintiff to "its representations . . . that no damages whatsoever will be sought in this action." *Bristol W. Ins. Co.*, 52 So. 3d at 51.

[2] GEICO directs the Court to *Virga v. Progressive Am. Ins. Co.*, ___F.3d___, 2016 WL 3866364, at *2-*3 (S.D. Fla. June 29, 2016), but that decision expressly did not determine "whether or not Plaintiff's request for an order 'declaring that Class Members are entitled to an adjustment and order[ing] Defendant to adjust their claims,' is essentially a claim for benefits" subject to Fla. Stat. § 627.736(10). To the extent that the discussion in *Virga* conflicts with *Bristol*, the Court is bound by *Bristol.*

[3] As the issue is underdeveloped and GEICO makes the request for the first time in its Reply, the Court declines to determine whether grounds to "strike [Plaintiff's] claim to attorney's fees" are present. ECF No. [50] at 2; *see Bristol W. Ins. Co.*, 52 So. 3d at 50 (allowing declaratory action to proceed and noting that "[s]ignificantly, the complaint made no claim for money damages.  It sought a declaration of the correct statutory formula for calculating payments under PIP benefits for the physician fees . . . as well as attorney's fees and costs.").

is available in this case. Motion at 3 (quoting *Angora Enterprises, Inc. v. Condo. Ass'n of Lakeside Vill., Inc.*, 796 F.2d 384, 387-88 (11th Cir. 1986)). However, the Court does not believe an exercise of its discretion is warranted. Plaintiff does not bring a breach of contract claim in the alternative, and in any event, the Federal Rules of Civil Procedure expressly provide that "[t]he existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate." Fed. R. Civ. P. 57; *see Kenneth F. Hackett & Assocs., Inc. v. GE Capital Info. Tech. Sols., Inc.*, 744 F. Supp. 2d 1305, 1310 (S.D. Fla. 2010) ("Because the decision to entertain a declaratory claim is discretionary, some courts dismiss claims for declaratory relief where the plaintiff also alleges a sufficient and related breach of contract claim. . . . Other courts allow claims for declaratory relief to travel with a claim for breach of contract."). Furthermore, the discretion afforded district courts to decline actions for declaratory relief pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 is not limitless, and in many cases, presupposes the existence of a "parallel litigation in the state courts." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1331 (11th Cir. 2005) (listing "guideposts" for a court to consider when deciding whether to accept jurisdiction over a declaratory judgment case "in furtherance of the Supreme Court's admonitions" in *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942) and *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995)); *see also GEICO Gen. Ins. Co. v. Lacayo*, 2015 WL 4464020, at *2-*3 (S.D. Fla. July 21, 2015), *aff'd*, (May 13, 2016) ("A threshold issue the Court must consider is whether the state court wrongful death case and this federal declaratory action constitute 'parallel' proceedings."); *Westfield Ins. Co. v. Midway Servs., Inc.*, 2014 WL 12613401, at *2 (M.D. Fla. June 25, 2014) ("Abstention under these principles is only proper, though, when the state and federal court proceedings are *parallel*—that is, they involve substantially the same issues and parties. Thus, district courts do not even analyze the *Ameritas*

6

factors unless they determine first that the parties and issues in the state and federal court proceedings are sufficiently similar that the proceedings are truly parallel." (internal citations omitted)); *Amerisure Mut. Ins. Co. v. Plantation Key Office Park, LLLP*, 2011 WL 2436693, at *3 (S.D. Fla. June 14, 2011) (same).

In this case, there exists no parallel state action involving the same parties.[4] *See Lacayo*, 2015 WL 4464020, at *3 ("'suits are parallel if substantially the same parties litigate substantially the same issues in different forums.'" (quoting *Bright House Networks, LLC v. Pinellas Cty.*, 2014 WL 4794786, at *8 (M.D. Fla. Sept. 25, 2014)); *Westfield Ins. Co.*, 2014 WL 12613401, at *2. And, while declaratory relief is "'not available where the issue is whether an unambiguous contract has been breached,'" *Virga v. Progressive Am. Ins. Co.*, ___ F.3d ___, 2016 WL 3866364, at *3 (S.D. Fla. June 29, 2016) (quoting *MRI Assocs. of St. Pete, Inc. v. State Farm Mut. Auto. Ins. Co.*, 755 F. Supp. 2d 1205, 1210 (M.D. Fla. 2010)), this case concerns the actual (and potentially ambiguous) language of the Policy and Endorsement issued by GEICO. Accordingly, the Court will entertain Plaintiff's action for a declaratory judgment. *See Maryland Cas. Co. v. Smartcop, Inc.*, 2012 WL 2675476, at *2 (S.D. Fla. July 6, 2012) (declaratory action can proceed beyond motion to dismiss stage as "[t]he parties have a bona fide dispute concerning the proper interpretation of the insurance policy and the conduct giving rise to Smartcop's liability under the wrongful death action."); *Sonic Momentum B, LP v. Motorcars of Distinction, Inc.*, 2011 WL 4738190, at *3 (S.D. Fla. Oct. 7, 2011) ("Whether through declaratory judgment or more traditional forms of relief, the Court is capable of resolving even heavily factual disputes."); *Johnson v. Geico Gen. Ins. Co.*, 2008 WL 4793616, at *3 (S.D. Fla. Nov. 3, 2008)

---

[4] To the extent that GEICO notes, in Reply, that "requests for certification to the Florida District Courts of Appeals have been filed" on the legal issue presented in this case, the parties are reminded that if and when an appellate decision is issued, it will bind this Court. *See Inlet Condo. Ass'n, Inc.*, 615 F. App'x at 537.

("the fact that Plaintiff could have simply brought an action for breach of contract does not prevent him from also seeking a declaratory judgment to establish coverage.").

### C. Standing

GEICO also asserts that Plaintiff lacks standing to bring a declaratory action because a review of the "actual assignment" from Carruthers to Plaintiff shows that Plaintiff did not receive any rights, liabilities, or obligations under the Policy. Motion at 9. GEICO, however, does not challenge the validity of the assignment, and Plaintiff pleads in its Amended Complaint that Carruthers "assigned all benefits under the subject policy to Plaintiff" for the purpose of "authoriz[ing] Plaintiff to bill Defendant directly for the medical services provided . . . and to require Defendant to pay Plaintiff directly at his home office." Amended Complaint ¶ 13; *see* ECF No. [9-1] ("I, the undersigned patient/insured knowingly, voluntarily, and intentionally assign the **benefits** of my No-Fault Policy of automobile Insurance, also known as Personal Injury Protection (PIP), and Medical Payments Policy of insurance to the above medical provider. . . . The insurer is hereby placed on notice that this provider reserves the right to seek in the full amount of the bills submitted." (emphasis in the original)). Under Florida law, "an unqualified assignment transfers to the assignee all the interest of the assignor under the assigned contract," and "[a]n assignee may enforce payments or the performance of an obligation due under an assigned contract." *State Farm Fire & Cas. Co. v. Ray*, 556 So. 2d 811, 813 (Fla. 5th DCA 1990); *see Cont'l Cas. Co. v. Ryan Inc. E.*, 974 So. 2d 368, 376 (Fla. 2008) (an "assignment" is the "'voluntary act of transferring an interest.'" (quoting *DeCespedes v. Prudence Mut. Cas. Co*., 193 So. 2d 224, 227 (Fla. 3d DCA 1966))). Accordingly, the Court concludes that the assignment, as plead in the Amended Complaint, allows Plaintiff to enforce the Policy and Endorsement through a judicial proceeding. *See Ray*, 556 So. 2d at 813. In any

event, the Declaratory Judgment Act allows a federal court to "declare the rights and other legal relations of any interested party seeking such declaration," 28 U.S.C. § 2201, and the Eleventh Circuit and district courts therein have not questioned assignee-standing in similar actions. *See S. Florida Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1313-14 (11th Cir. 2014) ("Sanchez was insured by Allstate Insurance Company under a policy that provided her with personal injury protection (PIP) coverage, and in connection with treatment that she received there, Sanchez assigned to Wellness her right to benefits under that policy. . . . The complaint . . . seeks only a declaration that the form language Allstate used in the class members' PIP insurance policies did not clearly and unambiguously indicate that payments would be limited to the levels provided for in § 627.736(5)(a)."); *Cent. Magnetic Imaging Open MRI of Plantation, Ltd. v. State Farm Mut. Auto. Ins. Co.*, 789 F. Supp. 2d 1311, 1312-13 (S.D. Fla. 2011) ("This putative class action was filed by Plaintiff, Central Magnetic Imaging Open MRI of Plantation, Ltd. as assignee of three separate insured persons.  CMI seeks to recover for breach of contract by State Farm for failing to pay the proper amounts for Magnetic Resonance Imaging services provided by CMI.  CMI, as an MRI service provider, was assigned the Insureds' Personal Injury Protection benefits." (internal citations, quotations, and abbreviations omitted)); *MRI Assocs. of St. Pete, Inc.*, 755 F. Supp. 2d at 1206-07 ("Plaintiff provided services to an insured of each Defendant and received an assignment of the insured's personal injury protection (PIP) benefits.  Plaintiff claims Defendants' policy requires them to pay 80% of the reasonable amount of all medically necessary bills and that Defendants paid less than that amount by using Florida's statutory PIP fee schedule in determining the amounts to be paid."). Accordingly, the Court finds that Plaintiff has standing to assert this action for declaratory judgment.[5]

---

[5] The Court does not make any determination as to whether Plaintiff's allegations support class certification. Relatedly, the Court finds adjudication of GEICO's final argument – asserting the "legal

### IV. CONCLUSION

For all of the reasons stated herein, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [46]**, is **DENIED**. GEICO shall file an Answer to the Amended Complaint by March 13, 2017.

**DONE AND ORDERED** in Miami, Florida, this 2nd day of March, 2017.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

---

incorrect[ness]" of Plaintiff's cause of action – inappropriate at this stage of proceedings. *See Smartcop, Inc.*, 2012 WL 2675476, at *3 ("'A motion to dismiss a complaint for a declaratory judgment is not a motion on the merits' and only determines 'whether the plaintiff is entitled to a declaration of rights, not whether it is entitled to a declaration in its favor.'" (quoting *Parr v. Maesburv Homes. Inc.*, 2009 WL 5171770, at *3 (M.D. Fla. Dec. 22, 2009))); *see also Abecassis v. Eugene M. Cummings, P.C.*, 2010 WL 9452252, at *8 (S.D. Fla. June 3, 2010), *aff'd*, 467 F. App'x 809 (11th Cir. 2012) (in action for declaratory relief, "[t]he Court declines to evaluate whether the contract is ambiguous on a motion to dismiss."); *Whitney Nat. Bank v. SDC Communities, Inc.*, 2010 WL 1270266, at *5 (M.D. Fla. April. 1, 2010) ("[A]t the motion to dismiss stage, it is inappropriate to decide whether language in a contract is ambiguous and then make determinations based on what one party believes the language of the contract to say.").