A&M GERBER CHIROPRACTIC LLC,
a/a/o Conor Carruthers, on behalf of itself
and all others similarly situated,

      Plaintiff,

v.

GEICO GENERAL INSURANCE COMPANY,

      Defendant.

_____/

## ORDER ON MOTION FOR CLASS CERTIFICATION

**THIS CAUSE** is before the Court upon Plaintiff's Motion and Memorandum in Support of Class Certification, ECF No. [53] ("Motion"). The Court has carefully considered the Motion, all supporting and opposing filings, the relevant authority, and is otherwise duly advised in the premises. For the reasons that follow, the Motion is granted.

## I. BACKGROUND

Plaintiff A&M Gerber Chiropractic LLC ("Plaintiff") filed a Complaint, since amended, in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, which GEICO then removed to this Court. Plaintiff is a legal entity that provided medical treatment to an individual named Conor Carruthers ("Carruthers") for injuries Carruthers sustained in an automobile accident. *See* ECF No. [23] ("Amended Complaint") ¶ 13. Carruthers is a "contracting party and/or named insured" on an insurance policy issued by GEICO ("Policy"), and in exchange for treatment, Carruthers "assigned all benefits under the subject policy to Plaintiff." *Id.*

According to Plaintiff, GEICO pays Policy claims pursuant to the fee schedule permitted by Fla. Stat. § 627.736(5)(a) and GEICO's endorsement, FLPIP (01-13) ("Endorsement"). *See id.* ¶¶ 7, 10. Under the Endorsement, GEICO states that "[a] charge submitted by a provider, for an amount less than the amount allowed above, shall be paid in the amount of the charge submitted." *Id.* ¶ 10. Notwithstanding this Endorsement, Plaintiff alleges that GEICO pays only 80% of the billed amount when the charge submitted by the provider is less than the fee schedule amount. *See id.* ¶ 11. In this case, Plaintiff billed GEICO for services less than the amount payable under the elected fee schedule, and pursuant to the Policy and Endorsement, GEICO paid 80% of the charge submitted. *See id.* ¶ 14. Plaintiff pleads that pursuant to its interpretation of the Policy and Endorsement, GEICO paid an incorrect amount, a practice GEICO allegedly employs on a wide-spread scale. *See id.* ¶¶ 11, 21. As such, Plaintiff seeks a declaratory judgment from this Court on behalf of itself and a class of individuals, asking the Court to "interpret[ ] Florida Statute 627.736 and the insurance Policy issued by GEICO" and declare that "Defendant's Policy requires payment of 100% of the billed charges for all charges submitted under the Policy that are below the fee schedule amount." *Id.* at 12. Plaintiff "does not assert a claim for any monetary relief," but rather, requests that the Court enter an order requiring notice to class members and grant attorneys' fees and associated costs. *See id.* ¶ 1.

Plaintiff now asks the Court to certify this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(2), appoint class counsel under Rule 23(g), and appoint Plaintiff as a class representative. *See* ECF No. [53]. In response, Defendant argues that Plaintiff has failed to demonstrate that class certification is proper, requiring the dismissal of this action for lack of subject matter jurisdiction. *See* ECF No. [57]. Plaintiff's timely reply followed. *See* ECF No. [58].

## II.   LEGAL STANDARD

District courts have broad discretion in deciding whether to certify a class. *Washington v. Brown & Williamson Tobacco Corp.,* 959 F.2d 1566, 1569 (11th Cir.1992).  To certify a class action, the named plaintiffs must have standing, and the putative classes must "satisfy an implicit ascertainability requirement, the four requirements listed in Rule 23(a), and the requirements listed in any of Rule 23(b)(1), (2), or (3)." *Karhu v. Vital Pharm., Inc.,* 621 F. App'x 945, 946 (11th Cir. 2015) (citing *Little v. T–Mobile USA, Inc.,* 691 F.3d 1302, 1304 (11th Cir. 2012)); *see Fitzpatrick v. General Mills, Inc.,* 635 F.3d 1279, 1282 (11th Cir. 2011) ("[T]he putative class must meet each of the four requirements specified in [Rule] 23(a), as well as at least one of the three requirements set forth in [Rule] 23(b)."); *Rutstein v. Avis Rent–A–Car Sys., Inc.,* 211 F.3d 1228, 1233 (11th Cir. 2000) ("A class action may be maintained only when it satisfies all of the requirements of Fed. R. Civ. P. 23(a) and at least one of the alternative requirements of Rule 23(b)."). "Under Rule 23(a), every putative class first must satisfy the prerequisites of numerosity, commonality, typicality, and adequacy of representation." *Vega v. T–Mobile USA, Inc.,* 564 F.3d 1256, 1265 (11th Cir. 2009) (citing Fed. R. Civ. P. 23(a); *Valley Drug Co. v. Geneva Pharms., Inc.,* 350 F.3d 1181, 1187–88 (11th Cir. 2003)).  Plaintiff has chosen to proceed under Rule 23(b)(2), pursuant to which a class action may be maintained if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

"The burden of establishing these requirements is on the plaintiff who seeks to certify the suit as a class action." *Heaven v. Trust Co. Bank,* 118 F.3d 735, 737 (11th Cir.1997); *see also Rutstein,* 211 F.3d at 1233.  The moving party "must affirmatively demonstrate his compliance"

with the class certification requirements. *Comcast Corp. v. Behrend,* —— U.S. ——, 133 S. Ct. 1426, 1432 (2013) (quoting *Wal–Mart Stores, Inc. v. Dukes,* ——U.S. ——, 131 S. Ct. 2541, 2551 (2011)). That is, "a party must not only be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, typicality of claims or defenses, and adequacy of representation, as required by Rule 23(a) [but also] satisfy through evidentiary proof at least one of the provisions of Rule 23(b)." *Id.* (emphasis added). "A district court must conduct a rigorous analysis of the Rule 23 prerequisites before certifying a class." *Vega,* 564 F.3d at 1266 (quoting *Castano v. Am. Tobacco Co.,* 84 F.3d 734, 740 (5th Cir. 1996)).

## III.  DISCUSSION

### A.  Individual Standing

"It is well-settled in the Eleventh Circuit that prior to the certification of a class, and before undertaking an analysis under Rule 23, the district court must determine that at least one named class representative has Article III standing to raise each class claim." *In re Terazosin Hydrochloride Antitrust Litig.,* 220 F.R.D. 672, 679 (S.D. Fla. 2004) (citing *Wolf Prado–Steiman v. Bush,* 221 F.3d 1266, 1279 (11th Cir. 2000)); *Griffin v. Dugger,* 823 F.2d 1476, 1482 (11th Cir. 1987) ("[A]ny analysis of class certification must begin with the issue of standing.")). Indeed, "[o]nly after the court determines the issues for which the named plaintiffs have standing should it address the question whether the named plaintiffs have representative capacity, as defined by Rule 23(a), to assert the rights of others." *Griffin,* 823 F.2d at 1482. "To have standing, a plaintiff must show (1) he has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to conduct of the defendant; and (3) it is likely, not just merely speculative, that the

injury will be redressed by a favorable decision." *Kelly v. Harris,* 331 F.3d 817, 819–20 (11th Cir. 2003).

GEICO does not challenge Plaintiff's individual standing. However, Article III standing is a threshold jurisdictional issue, which the Court must itself address at the onset. *Bochese v. Town of Ponce Inlet,* 405 F.3d 964, 974 (11th Cir. 2005) (citing *Dillard v. Baldwin County Comm'rs,* 225 F.3d 1271, 1275 (11th Cir. 2000)). Here, the named Plaintiff, as an assignee of Carruthers, alleges it suffered cognizable injuries in the form of reduced payments when it submitted claims to GEICO seeking reimbursement for medical services, which were billed at a rate lower than the elected fee schedule, and GEICO, in turn, reduced the reimbursement rate using the explanation code BA. Plaintiff's individual standing requirement is, therefore, satisfied.

## B. Ascertainability

"Before a district court may grant a motion for class certification, a plaintiff seeking to represent a proposed class must establish that the proposed class is 'adequately defined and clearly ascertainable.'" *Randolph v. J.M. Smucker Co.,* 303 F.R.D. 679, 684 (S.D. Fla. 2014) (quoting *Little,* 691 F.3d at 1304 (citing *DeBremaecker v. Short,* 433 F.2d 733, 734 (5th Cir. 1970))). "An identifiable class exists if its members can be ascertained by reference to objective criteria." *Bussey v. Macon Cnty. Greyhound Park, Inc.,* 562 F. App'x. 782, 787 (11th Cir. 2014) (citing *Fogarazzo v. Lehman Bros., Inc.,* 263 F.R.D. 90, 97 (S.D.N.Y. 2009)). These "objective criteria" should be "administratively feasible," meaning that the identification of class members should be "a manageable process that does not require much, if any, individual inquiries." *Id.* (citation omitted) (reversing district court decision finding ascertainability satisfied where class could be identified by reference to the defendant's records). If a plaintiff fails to demonstrate that

the putative class is clearly ascertainable, then class certification is properly denied. *See Walewski v. Zenimax Media, Inc.,* 502 F. App'x 857, 861 (11th Cir. 2012) (affirming denial of class certification because class was not adequately defined or clearly ascertainable); *Perez v. Metabolife Int'l, Inc.,* 218 F.R.D. 262, 269 (S.D. Fla. 2003) ("A court should deny class certification where the class definitions are overly broad, amorphous, and vague, or where the number of individualized determinations required to determine class membership becomes too administratively difficult.").

In the Motion and the Amended Complaint, Plaintiff identified the proposed class as follows:

> All health care providers who submitted claims for no-fault benefits under PIP policies to which Endorsement FLPIP (01-13), and any subsequent policies with substantially similar language that were in effect since January 1, 2013, where GEICO utilized the Code BA with respect to the payment of any claim.

ECF No. [53] at 1; ECF No. [23] at ¶ 22. In support of the identifiability and ascertainability of the proposed class, Plaintiff states that GEICO maintains searchable electronic records demonstrating it can track and generate reports on insurance claims. *Id.* at 11. These reports, in turn, indicate the name of the claimant and the policy, the underlying insureds, the amount billed by the provider, whether the reimbursement was reduced to 80% using code BA, and the difference between the amount billed and the amount paid using code BA. *Id.* In support of these statements, Plaintiff cites to the declaration and deposition testimony of David Antonacci, a Technical Supervisor III at GEICO. *Id.* at 11, n. 18. Plaintiff also submitted copies of reports that GEICO prepared and produced in this litigation, which identify claims adjusted using code BA. *See* ECF No. [53-2] at 62-74. GEICO does not dispute Plaintiff's characterization of these documents or Plaintiff's argument that the members of the class can be easily identified within GEICO's records by using this methodology.

Instead, GEICO takes issue with the scope of the proposed class, arguing that it is overly broad because (1) it includes health care providers regardless of whether they have assignments from the insureds, which raises a question of standing, and (2) it includes all health care providers that submitted claims adjusted with code BA regardless of whether their claims are ultimately compensable under the Policy. As discussed above and as the Court already ruled in the Order on the Motion to Dismiss, Plaintiff, individually, has standing to sue GEICO in this action. *See* ECF No. 51. GEICO's first objection, however, requires a deeper analysis of standing. It raises a question as to whether *all* individual members of a class must have standing to certify the class. In support of this argument, Defendant fails to direct the Court to any binding precedent requiring that a district court speculatively determine whether every putative class member has Article III standing, and the Court is unable to locate any such precedent. Some courts have found that the class should be defined in such a manner that anyone within it has standing. *See Fine v. ConAgra Foods, Inc.,* No. CV 10–01848 SJO CFOX, 2010 WL 3632469, at *3 (C.D. Cal. Aug. 26, 2010) (quoting *Burdick v. Union Sec. Ins. Co.,* No. CV 07– 4028 ABC (JCX), 2009 WL 4798873, at *4 (C.D. Cal. Dec. 9, 2009)) (noting that "other courts have held that class definitions should be tailored to exclude putative class members who lack standing" and that "a class must be defined in such a way that anyone within it would have standing"). The Second Circuit, as well as other district courts within the Ninth Circuit, have agreed with this construction. *See Denney v. Deutsche Bank AG,* 443 F.3d 253, 264 (2d Cir. 2006) ("[N]o class may be certified that contains members lacking Article III standing."); *Sanders v. Apple Inc.,* 672 F. Supp. 2d 978, 991 (N.D. Cal. 2009) (citing *Denney,* 443 F.3d at 264); *see also Fine,* 2010 WL 3632469, at *3. While the Eleventh Circuit has not directly tackled this issue, it has indicated that a district court must, at a minimum, be satisfied that at

least one named plaintiff has Article III standing. *See Veal v. Crown Auto Dealerships, Inc.,* 236 F.R.D. 572, 577 (M.D. Fla. 2006) (citing *Prado–Steiman,* 221 F.3d at 1279) ("Prior to the certification of a class and before undertaking any analysis under Rule 23, the Court must determine that at least one named class representative has Article III standing to raise each class claim.").

To resolve Plaintiff's Motion, the Court need not decide whether all putative class members must have standing as the Court is empowered to amend an over-inclusive class definition. *See Messner v. Northshore Univ. Health Sys.*, 669 F.3d 802, 825 (7th Cir. 2012). "Defining a class so as to avoid, on one hand, being over-inclusive and, on the other hand, the fail-safe problem is more of an art than a science." *Id.* "Either problem can and often should be solved by refining the class definition rather than by flatly denying class certification on that basis." *Id.* (collecting cases). *See also In re Monumental Life Ins. Co.,* 365 F.3d 408, 414 (5th Cir. 2004) ("[H]olding plaintiffs to the plain language of their definition would ignore the ongoing refinement and give-and-take inherent in class action litigation, particularly in the formation of a workable class definition"); *Richardson v. Byrd,* 709 F.2d 1016, 1019 (5th Cir. 1983) ("The district judge must define, redefine, subclass, and decertify as appropriate in response to the progression of the case from assertion to facts."); *Thorpe v. Walter Inv. Mgmt., Corp.*, No. 1:14-cv-20880-UU, 2016 WL 4006661, *5 (S.D. Fla. March 16, 2016) (redefining the proposed class definition to those persons who "purchased" the securities at issue rather than to those who "acquired" them); *In re Photochromic Lens Antitrust Litig.*, MDL No. 2173, 2014 WL 1338605, *15 (M.D. Fla. April 3, 2014) ("And courts are authorized to amend class definitions, even if the amendment is made subsequent to the initial certification pleadings"). GEICO's concern that the proposed class definition includes putative class members who lack an

assignment and, therefore, lack standing, can be remedied by narrowing the scope of the class as follows:

> All health care providers that received an assignment of benefits from a claimant and thereafter, pursuant to that assignment, submitted claims for no-fault benefits under GEICO PIP policies to which Endorsement FLPIP (01-13) applies, and any subsequent policies with substantially similar language that were in effect since January 1, 2013, where GEICO utilized the Code BA with respect to the payment of any claims.

Having narrowed the definition of the proposed class to ensure that all putative class members have standing, it is now necessary to address GEICO's second objection to the ascertainability of the class. GEICO argues that the class is overly broad because it includes all health care providers that submitted claims *regardless of whether the claim is compensable*. GEICO fears that, if the Court certifies this class and later interprets the Policy in favor of the class, it may require compensation of insurance claims not subject to reimbursement for reasons unrelated to code BA. In such an event, GEICO argues it would be precluded from availing itself of numerous defenses available under Florida Statute § 627.736. Specifically, GEICO states it is entitled to raise PIP defenses, such as the necessity of medical treatment, the relatedness of the treatment to the motor vehicle accident, as well as other unbundling and set-off defenses. According to GEICO, a declaration in Plaintiff's favor would effectively deprive it of those defenses. Similarly, GEICO contends that such an outcome would relieve putative class members of their burden to prove entitlement to reimbursement for disputed charges, including proof of proper billing, non-exhaustion of benefits under the Policy, valid insurance coverage, and performance of the services billed. GEICO's objection, however, is based upon a misunderstanding of the issues as framed by the pleadings.

In the Amended Complaint, Plaintiff asked the Court to interpret Florida Statute § 627.736 in conjunction with the Endorsement to determine whether the Policy requires payment

of 80% of the billed amount in all instances *or* payment of 100% of the billed amount for any charges submitted below the fee schedule amount. *See* ECF No. [23]. In this lawsuit, the Court will ultimately decide nothing more and nothing less than this very narrow issue of contract interpretation. Such a declaration will not, as GEICO fears, deprive it of any defenses available under the Policy, the Endorsement, or Florida law. Even if Plaintiff ultimately prevails in this action, nothing in the Court's declaration will alleviate the putative class members from satisfying their burden to prove their entitlement to reimbursement. Through this action, the Court will simply resolve the parties' dispute over the interpretation of a singular provision in the Endorsement and any substantially similar policies, without prejudice to GEICO or to the putative plaintiffs to raise other arguments in other proceedings. This lawsuit will not determine the ultimate compensability of the claims by the putative class members as that is not for this Court to decide. For these reasons, the Court finds that the proposed class is not overly broad.

As a preliminary matter, the Court concludes that the proposed class, as refined above, is both adequately defined and clearly ascertainable. Therefore, Plaintiff satisfies the threshold issue for class-action certification. The Court next turns to analyze each of the four factors under Rule 23(a) to determine whether Plaintiff has satisfied its burden to obtain certification.

### C. Rule 23(a) Factors

Under Rule 23(a), Plaintiff is required to demonstrate each of the four factors: numerosity, commonality, typicality and adequacy. GEICO only challenges one of these four factors - typicality. Nonetheless, the Court is required to conduct a rigorous analysis of all four factors when deciding matters of class certification, so it will go through each factor to determine whether Plaintiff has satisfied its burden.

### a. Numerosity

Under the first prong of the Rule 23(a) analysis, a plaintiff must demonstrate that the class is "so numerous that joinder of all members is impracticable." *Ruderman v. Washington Nat'l Ins. Co.*, 263 F.R.D. 670, 678 (S.D. Fla. 2010) (quoting Fed. R. Civ. P. 23(a)(1)). "The focus of the numerosity inquiry is not whether the number of the proposed class members is 'too few' to satisfy the Rule, but 'whether joinder of proposed class members is impractical.'" *Id.* at 679 (quoting *Armstead v. Pingree*, 629 F. Supp. 273, 279 (M.D. Fla. 1986)). Generally speaking, the Eleventh Circuit has concluded that less than twenty-one class members is inadequate to satisfy the numerosity requirement but more than forty is adequate. *Id.* (quoting *Cheney v. Cyberguard Corp.*, 213 F.R.D. 484, 490 (S.D. Fla. 2003). Here, Plaintiff easily satisfies the numerosity requirement and GEICO does not dispute this. Plaintiff presented evidence that, from 2013 to September of 2016, GEICO processed approximately 77,000 claims belonging to 70,000 claimants wherein it reduced the payments using code BA. Given the estimated size of the class, the Court finds that it would be impractical to join such a large number of plaintiffs to this lawsuit, thereby satisfying the first factor.

### b. Commonality

Much like the numerosity requirement, GEICO does not dispute that Plaintiff has satisfied the commonality factor. The commonality requirement of Rule 23(a)(2) requires that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2); *Williams v. Mohawk Indus., Inc.,* 568 F.3d 1350, 1355 (11th Cir. 2009) (quoting *Murray v. Auslander,* 244 F.3d 807, 811 (11th Cir. 2001)) ("Under the Rule 23(a)(2) commonality requirement, a class action must involve issues that are susceptible to class-wide proof."). Plaintiff faces a "low hurdle" in bearing this "light" burden, as commonality "does not require that all questions of law and fact raised be common." *Williams,* 568 F.3d at 1356; *Vega,* 564 F.3d at 1268. "In short, the

11

commonality requirement requires proof the court can resolve the questions of law or fact in 'one stroke.'" *Randolph,* 303 F.R.D. at 693. That said, "[w]hat matters to class certification is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." *Wal–Mart Stores, Inc. v. Dukes,* —— U.S. ——, 131 S.Ct. 2541, 2551 (2011) (quotation omitted). Commonality requires a common question capable of common resolution. *See, e.g., Manno v. Healthcare Revenue Recovery Grp., LLC,* 289 F.R.D. 674, 685 (S.D. Fla. 2013).

This case involves the resolution of a single issue as to all putative class members: whether the Policy, as modified by the Endorsement, provides for payment of 80% of all claims submitted or whether it requires payment of 100% of any claims submitted below the fee schedule amount.[1] The parties do not dispute the existence of the Policy or Endorsement, their language, or their applicability. They only dispute the meaning of the Policy as modified by the Endorsement. The answer to this one question, which applies to all members of the putative class, not only has the capacity to drive the resolution of this litigation, but it will indeed resolve the entirety of the case. Other than this very limited request for a declaratory judgment, Plaintiff has not advanced any other claims in the Amended Complaint. Once the Court resolves the class-wide contractual dispute and the related request for class notice, no issues will remain. For these reasons, the Court finds that Plaintiff has satisfied the commonality factor for class certification.

---

[1] Related to this issue of contract interpretation is Plaintiff's request for a declaration, which will be part and parcel of any finding involving the interpretation of the contract. Additionally, Plaintiff states that class notice must be addressed. Much like the resolution of the contractual dispute, which applies to the class as a whole, the issue of class notice likewise will be common to the putative class.

### c. Typicality

Rule 23(a) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "[T]he typicality requirement is permissive: representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *In re Checking Account Overdraft,* 275 F.R.D. 666, 674 (S.D. Fla. 2011) (citing *Brown v. SCI Funeral Servs. of Fla., Inc.,* 212 F.R.D. 602, 605 (S.D. Fla. 2003)). In order to demonstrate typicality, the plaintiff must generally demonstrate that a "sufficient nexus exists between the legal claims of the named class representatives and those of individual class members to warrant class certification." *Piazza v. Ebsco Indus., Inc.,* 273 F.3d 1341, 1346 (11th Cir. 2001) (citing *Washington,* 959 F.2d at 1569 n. 8). Stated differently, "[t]he claim of a class representative is typical if 'the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory.'" *Williams,* 568 F.3d at 1356–57 (quoting *Kornberg v. Carnival Cruise Lines, Inc.,* 741 F.2d 1332, 1337 (11th Cir. 1984)). "It is not enough that a named plaintiff can establish a case or controversy between himself and the defendant by virtue of having standing as to one of many claims he wishes to assert. Rather, each claim must be analyzed separately, and a claim cannot be asserted on behalf of a class unless at least one named plaintiff has suffered the injury that gives rise to that claim." *Prado–Steiman,* 221 F.3d at 1280. "If proof of the representatives' claims would not necessarily prove all the proposed class members' claims, the representatives' claims are not typical of the proposed members' claims." *Conigliaro v. Norwegian Cruise Line Ltd.,* No. 05-21584-CIV, 2006 WL 7346844, at *7 (S.D. Fla. Sept. 1, 2006) (quoting *Brooks v. S. Bell Tel. & Tel. Co.,* 133 F.R.D. 54, 58 (S.D. Fla. 1990)).

Plaintiff argues that the typicality requirement is satisfied here because it has sustained the same injury as all other putative class members – namely, that GEICO applied the BA code to its claim for reimbursement and to the claims of the putative class members. By uniformly following this practice when adjusting claims, Plaintiff argues that GEICO only paid 80% of each putative class member's claim, including its own. Given this class-wide pattern and practice of reimbursing 80% even when the billed amount is less than the fee schedule, Plaintiff argues that all putative class members, including Plaintiff, share the same legal injury, consisting of GEICO's allegedly erroneous interpretation of the Policy.

GEICO, on the other hand, argues that the typicality factor has not been satisfied because each individual PIP claim will require the application of different facts and will be subject to different defenses. In advancing this argument, GEICO cites to and relies upon several decisions where class-action certification involving an insurance policy was denied for failure to satisfy the typicality factor. The common thread in all of these cases, however, is that the putative class sought more than a declaration regarding the interpretation of the insurance contract. Those putative classes sought damages as part of the class action, which is a critical difference. Because the putative classes sought an award of damages, each class member would be required to individually demonstrate entitlement to reimbursement and the insurance companies would be entitled to present member-specific defenses. *See DWFII Corp. v. State Farm Mut. Auto. Ins. Co.*, 469 F. App'x 762, 764-65 (11th Cir. 2012) ("DWFII seeks both monetary and injunctive or declaratory relief. . . . In the present case, if the class was able to prevail on its claim, each medical service provider in the class would have to establish individual facts regarding the type of services performed, the amounts billed, and the amount of reimbursement received from State Farm in order to determine its appropriate monetary recovery."); *Coastal Neurology, Inc. v. State*

*Farm Mut. Auto. Ins. Co.*, 271 F.R.D. 538, 546 (S.D. Fla. 2010) (noting that the putative class sought monetary damages and injunctive relief and that, in order to prove claims for monetary damages, "every member of the putative class would have to engage in a similar analysis . . . [that] would involve different policyholders, different medical services, different billing codes, different NCCI edits, possibly different modifiers, and different defenses; thus, an entirely different set of facts and legal conclusions."); *All Family Clinic of Daytona Beach, Inc. v. State Farm Mut. Auto. Ins. Co.*, 280 F.R.D. 688, 690 (S.D. Fla. 2012) (seeking monetary damages for breach of contract and declaratory relief); *Cielo v. Garrison Prop. & Cas. Ins. Co.,* No. 8:15-cv-2324-T-23TBM, 2016 WL 1244552, *3 (S.D. Fla. March 30, 2016) ("Because the claim for damages will require a significant number of individualized inquiries, a class action is inappropriate to resolve the claim.").

There is no claim for monetary damages asserted in this case.  Not only does Plaintiff's Amended Complaint stipulate to the lack of monetary damages in the first paragraph, *see* ECF No. [23] ¶ 1, but GEICO acknowledged in its Answer that there is no claim for monetary damages, *see* ECF No. [52]. Moreover, this Court previously recognized that Plaintiff is not seeking damages and the Court intends to hold Plaintiff to that representation.  *See* ECF No. [51] at 5, n. 1 ("As did the Fourth District Court of Appeals, the Court holds Plaintiff to 'its representations . . . that no damages whatsoever will be sought in this action.'").  As explained above, the issue in this case is limited to one very narrow legal question involving the appropriate interpretation of the Policy as modified by the Endorsement.  Once the Court answers that legal question and determines the issue of class-wide notice, this litigation will conclude.  Even if Plaintiff prevails in obtaining the requested declaratory relief, class members will not be permitted to advance their individual claims in this case.  *See AA Suncoast*

*Chiropractic Clinic, P.A. v. Progressive Am. Ins. Co.*, No. 8:15-cv-2543-T-26MAP, 2017 WL 2123467, *6 (M.D. Fla. May 16, 2017) ("Defendants' argument that liability in this case is dependent on individualized proof ranging from different insureds, accidents, medical providers, injuries, and EMC providers, to different claims adjusting decisions, damages, and defenses, does not change the fact that it is unnecessary to resolve all of these factual differences to resolve the single issue at hand.").  Given that the class-wide claim revolves around GEICO's alleged pattern and practice of reimbursing 80% even when the billed amount is less than the fee schedule and that there is no claim for monetary damages, the Court finds that Plaintiff's claim is typical of the putative class's claims.  Plaintiff has, therefore, satisfied the typicality requirement of Rule 23(a)(3).

### d.  Adequacy

Rule 23(a)(4) requires a showing that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The adequacy-of-representation requirement 'encompasses two separate inquiries: (1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action.'"  *Busby v. JRHBW Realty, Inc.,* 513 F.3d 1314, 1323 (11th Cir. 2008) (quoting *Valley Drug Co. v. Geneva Pharm., Inc.,* 350 F.3d 1181, 1189 (11th Cir. 2003)); *see also Fabricant v. Sears Roebuck,* 202 F.R.D. 310, 314–15 (S.D. Fla. 2001) ("Rule 23(a)(4)'s adequacy requirement has two components: (1) the class representative has no interests antagonistic to the class; and (2) class counsel possesses the competence to undertake the litigation."); *Kirkpatrick v. J.C. Bradford & Co.,* 827 F.2d 718, 727 (11th Cir. 1987) ("The inquiry into whether named plaintiffs will represent the potential class with sufficient vigor to satisfy the adequacy requirement of Rule 23(a)(4) most often has been

described to involve questions of whether plaintiffs' counsel are qualified, experienced, and generally able to conduct the proposed litigation and of whether plaintiffs have interests antagonistic to those of the rest of the class.").  In addition, "[m]isconduct by class counsel that creates a serious doubt that counsel will represent the class loyally requires denial of class certification." *Creative Montessori Learning Centers v. Ashford Gear LLC,* 662 F.3d 913, 918 (7th Cir. 2011); *but see Busby,* 513 F.3d at 1323–24 ("[O]nly the most egregious misconduct on the part of plaintiffs' lawyer could ever arguably justify denial of class status.") (quoting *Halverson v. Convenient Food Mart, Inc.,* 458 F.2d 927, 932 (7th Cir. 1972)).  "[T]he Court is required to evaluate any conflicting interests of the class representative and the adequacy of class counsel." *Ass'n for Disabled Americans, Inc. v. Amoco Oil Co.,* 211 F.R.D. 457, 464 (S.D. Fla. 2002).

In this case, the Court finds no conflict of interest between Plaintiff and the members of the putative class.  GEICO does not suggest that a conflict exists or that Plaintiff is otherwise an unsuitable class representative.  Plaintiff's interests appear to be aligned with those of the class in that GEICO's use of the BA code to adjust claims applied across the board to Plaintiff and the putative class.  Likewise, no conflict between Plaintiff's counsel and the putative class members is apparent here and GEICO does not suggest anything to the contrary.  In support of the Motion, Plaintiff's counsel submitted declarations wherein they outline their litigation experience, including extensive experience in class-action litigation.  The Court, therefore, finds that Plaintiff's counsel can adequately prosecute this action on behalf of the entire class.  Plaintiff has, therefore, satisfied the adequacy requirement of Rule 23.  Having met all four requirements of Rule 23(a), the Court will determine whether Plaintiff satisfied the criteria of Rule 23(b).

### D. Rule 23(b)(2)

To obtain class certification, Plaintiff must satisfy one of the three requirements enumerated in Rule 23(b). Because Plaintiff seeks to certify the class solely under Rule 23(b)(2), the Court limits its analysis to this subsection. Certification under Rule 23(b)(2) requires a showing that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that *final* injunctive or *corresponding* declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2) (emphasis added). The Advisory Committee Notes explain that "[d]eclaratory relief 'corresponds' to injunctive relief when as a practical matter it affords injunctive relief *or serves as a basis for later injunctive relief*." Fed. R. Civ. P. 23 advisory committee's note to 1966 amendment (emphasis added). "A declaratory or injunctive relief class pursuant to Rule 23(b)(2) is appropriate only if 'the predominant relief sought is injunctive or declaratory.'" *DWFII*, 469 F. App'x at 765.

Plaintiff argues that GEICO's practice of adjusting claims using the BA code to reduce payment to 80% of the claim is a uniform practice applicable to all members of the putative class and that this sort of widespread practice is the type envisioned by Rule 23(b)(2). The Court agrees. *See Ruderman v. Washington Nat'l Ins. Co.,* 263 F.R.D. 670, 682 (S.D. Fla. 2010) (finding that Rule 23(b)(2) was satisfied by allegation that the defendant insurance company refused to apply an automatic benefit increase to either the lifetime maximum benefit or the per-occurrence benefit as such actions applied generally to the class); *Edmonds v. Levine*, 233 F.R.D. 638, 642 (S.D. Fla. 2006) (concluding that class plaintiff satisfied Rule 23(b)(2) by maintaining that insurance carrier acted in a manner equally applicable to all members of the class, making injunctive or declaratory relief appropriate); *Leczczynski v. Allianz Ins.*, 176 F.R.D. 659, 573 (S.D. Fla. 1997) (finding that insurance company's practice of refusing to pay claims brought by

persons injured while occupants of Mercedes Benz Credit Corporation leased vehicles affected all or nearly all members of the class and that this consistent refusal to pay claims is "the type of situation maintainable under subsection (b)(2).").

GEICO raises several points in response.[2] It does not dispute that it acted on grounds that apply generally to the class. Instead, GEICO argues that the relief sought is not *final* injunctive or *corresponding* declaratory relief because Plaintiff's lawsuit is simply a precursor to the filing of individualized proceedings to establish breach of the policy and the amount of damages. In support of this argument, GEICO first relies upon *Kartman v. State Farm Auto. Mut. Ins. Co.*, 634 F.3d 883, 894 (7th Cir. 2011), for the proposition that a claim for declaratory or injunctive relief cannot be "final" if it effectively initiates individualized proceedings to determine breach and damages. In *Kartman*, the district court certified a class action for injunctive relief in which it would require State Farm to re-inspect all roofs on a class-wide basis to establish whether it underpaid its policy holders on past claims. *Id.* Reversing the district court's decision, the Seventh Circuit found this contemplated class-action injunctive relief "would essentially have the effect of shifting the burden to State Farm to prove the elements of plaintiff's claims" and "would lay the foundation for subsequent determinations of liability." *Id.* at 893-94. In its analysis, the Seventh Circuit distinguished between cases where injunctive relief seeks to cure

---

[2] Geico also states that "an injunction would be impermissible in this case because Gerber has an adequate remedy at law to sue for damages for underpayment of PIP benefits." *See* ECF No. [57] at 12. Plaintiff has not asserted a claim for injunctive relief. Plaintiff has only asserted a claim for declaratory relief. In its Motion to Dismiss, Geico advanced a similar argument when it sought to dismiss the claim for declaratory relief because a breach of contract claim is a more effective remedy. Denying Geico's Motion to Dismiss, this Court stated: "the Federal Rules of Civil Procedure expressly provide that '[t]he existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate.' Fed. R. Civ. P. 57; *see Kenneth F. Hackett & Assocs., Inc. v. GE Capital Info. Tech. Sols., Inc.*, 744 F. Supp. 2d 1305, 1310 (S.D. Fla. 2010) ('Because the decision to entertain a declaratory claim is discretionary, some courts dismiss claims for declaratory relief where the plaintiff also alleges a sufficient and related breach of contract claim. . . . Other courts allow claims for declaratory relief to travel with a claim for breach of contract.')." *See* ECF No. [51] at 5-6. The Court sees no reason to deviate from its prior conclusion.

*past and future* injuries as opposed to cases like *Kartman* where injunctive relief is only intended to cure *past* injuries and thereby determine liability for individual compensatory remedies. *Id.* at 894-95.

Here, consistent with the distinction drawn in *Kartman* and the advisory committee notes to Rule 23, Plaintiff's requested declaratory relief, if granted, would qualify as "corresponding injunctive relief" because such a finding would serve as a basis for *future* injunctive relief. Not only does Plaintiff allege a threat of future injury, but the putative class has been defined in an open-ended manner to cover "any subsequent policies with substantially similar language that were in effect since January 1, 2013." *See* ECF No. [45] at 8-9. Along the same lines, GEICO agrees that the language of the Endorsement has not changed since 2013. *See* ECF No. [37] at 13 ("GEICO has not changed the terms of its FLPIP (01-13) policy and any policy amendment would require approval of the Florida Insurance Commissioner's office."). If Plaintiff ultimately prevails in this declaratory action, given the open class and the unchanged Policy, such a finding and declaration would have the effect of future injunctive relief. Thus, the Court finds that the declaratory relief sought here satisfies the requirement of "corresponding injunctive relief" required by Rule 23(b)(2).

GEICO also relies upon *Richards v. Delta Air Lines, Inc.*, 453 F.3d 525 (D.C. Cir. 2006), to argue that injunctive relief is improper because Plaintiff is, in reality, seeking monetary damages.[3] The claims raised in *Richards* were vastly different from those raised here as the

---

[3] In support of their argument, Geico also cites to *In re Allstate Ins. Co.*, 400 F.3d 505 (7th Cir. 2005) and states that certification was denied under Rule 23(b)(2) because the class sought a judgment declaring that the members were entitled to benefits under Allstate's ERISA plan and then armed with that declaration, the class members would seek benefits. The Court's review of this case reveals no such finding. *Id.* at 505-508. Rather, the circuit court vacated the class certification because there were critical differences among the claims of the putative class members concerning the circumstances that led to their resignation. *Id.* at 507. It was this critical difference among class members that made certification under Rule 23(b)(2) unsuitable. In this case, no such critical differences among the putative class members exist as all of their claims were adjusted using the BA code.

plaintiff sought certification of an injunctive claim requiring Delta "to pay each class member compensation for his or her loss or damage in an amount not less than the difference between what Delta in good faith determines is the fair value of such loss or damage and the amount heretofore paid . . . plus compensatory interest on the amount of such loss or damage." *Richards,* 453 F.3d at 527 (omission in original). Although the claim was framed as one for equitable relief, the circuit court determined it was actually a claim for monetary damages, stating: "Almost invariably . . . suits seeking (whether by judgment, injunction, or declaration) to compel the defendant to pay a sum of money to the plaintiff are suits for 'money damages,' as that phrase has traditionally been applied, since they seek no more than compensation for loss resulting from the defendant's breach of legal duty." *Id.* at 531. Thus, the putative class in *Richards* sought a declaration from the Court ordering Delta to pay the class members a certain amount of damages. *Id.* No such parallel relief is sought here. GEICO's argument that the Amended Complaint "seeks a declaration from this Court that GEICO owes it and the putative class members money," *see* ECF No. [57] at 16, misinterprets the issues as framed by the pleadings. Unlike in *Richards*, in the Amended Complaint, Plaintiff has not asked this Court to make a declaration that GEICO owes Plaintiff or the putative class members any form of monetary damages. As previously stated, the Court will not determine whether Plaintiff or the putative class members are owed any form of damages. Plaintiff has only asked this Court to interpret a singular provision within the Endorsement. That interpretation, whatever it may ultimately be, will not determine liability for any claims and will not, therefore, prevent GEICO from asserting any available defenses in other potential proceedings.[4] The Court finds that

---

[4] Consistent with this analysis, the Court finds a recent decision from the Middle District of Florida instructive. *See AA Suncoast Chiropractic Clinic*, 2017 WL 2123467 at *8. In *AA Suncoast Chiropractic Clinic*, the district court certified a class action under Rule 23(b)(2) involving a PIP policy wherein the plaintiffs did not seek monetary damages but sought only declaratory and injunctive relief. *Id.* The

Plaintiff has satisfied the requirements of Rule 23(b)(2). Class certification is, therefore, appropriate.

## IV.    CONCLUSION

For the reasons stated herein, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion, **ECF No. [53],** is **GRANTED.** The following class is certified:

All health care providers that received an assignment of benefits from a claimant and thereafter, pursuant to that assignment, submitted claims for no-fault benefits under GEICO PIP policies to which Endorsement FLPIP (01-13) applies, and any subsequent policies with substantially similar language that were in effect since January 1, 2013, where GEICO utilized the Code BA with respect to the payment of any claims.

2. Plaintiff, A&M Gerber Chiropractic LLC, a/a/o Conor Carruthers, is appointed as Class Representative.

3. Plaintiff's counsel, Todd Payne and Edward Zebersky of Zebersky Payne LLP and Steven R. Jaffe and Mark S. Fistos of Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L. are appointed as Class Counsel.

**DONE AND ORDERED** in Miami, Florida, this 6th day of June, 2017.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

---

district court stated: "Plaintiffs have assured this Court that once the legal issue is determined, there will be no more supervision required to determine individual damages. Consequently, the Court finds the class certification at this juncture to be appropriate." *Id.* Plaintiff has likewise assured the Court that once the interpretation of the Endorsement is resolved, this Court will not be required to resolve any other class claims.