# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 16-cv-62610-BLOOM/Valle

A&M GERBER CHIROPRACTIC LLC,
a/a/o Conor Carruthers, on behalf of itself
and all others similarly situated,

      Plaintiff,

v.

GEICO GENERAL INSURANCE COMPANY,

      Defendant.

_____/

## OMNIBUS ORDER

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Intervene and to Extend Time for Sending Class Notice, ECF No. [133] ("Motion to Intervene"), Plaintiff's Motion for Protective Order, ECF No. [146] ("Motion for Protective Order"), and Plaintiff's Motion to Enforce Court Orders and/or for Issuance of an Order to Show Cause, ECF No. [153] ("Motion to Enforce"), (collectively the "Motions"). The Court has carefully considered the Motions, all supporting and opposing filings, the relevant authority, and is otherwise duly advised. For the reasons that follow, the Motion to Intervene is denied, the Motion for Protective Order is granted in part and denied part, and the Motion to Enforce is granted.

## I.    BACKGROUND

Plaintiff A&M Gerber Chiropractic LLC ("Plaintiff") is a legal entity that provided medical treatment to an individual named Conor Carruthers ("Carruthers") for injuries Carruthers sustained in an automobile accident. *See* ECF No. [23] ("Amended Complaint") ¶ 13. Carruthers is a "contracting party and/or named insured" on an insurance policy issued by

Defendant GEICO General Insurance Company ("GEICO"), and in exchange for treatment, Carruthers "assigned all benefits under the subject policy to Plaintiff." *Id.* According to Plaintiff, GEICO pays Policy claims pursuant to the fee schedule permitted by Florida Statute § 627.736(5)(a) and GEICO's endorsement, FLPIP (01-13) ("Endorsement"). *See id.* ¶¶ 7, 10. Plaintiff billed GEICO for services less than the amount payable under the elected fee schedule, and pursuant to the Policy and Endorsement, GEICO paid 80% of the charge submitted. *See id.* ¶ 14. Plaintiff pleads that, pursuant to its interpretation of the Policy and Endorsement, GEICO paid an incorrect amount, a practice GEICO allegedly employs on a wide-spread scale. *See id.* ¶¶ 11, 21. As such, Plaintiff seeks a declaratory judgment and has asked the Court to "interpret[] Florida Statute 627.736 and the insurance Policy issued by GEICO" and declare that "Defendant's Policy requires payment of 100% of the billed charges for all charges submitted under the Policy that are below the fee schedule amount." *Id.* at 12.

On June 6, 2017, this Court granted Plaintiff's Motion for Class Certification, and within that Order, it defined the class as follows:

> All health care providers that received an assignment of benefits from a claimant and thereafter, pursuant to that assignment, submitted claims for no-fault benefits under GEICO PIP policies to which Endorsement FLPIP (01-13) applies, and any subsequent policies with substantially similar language that were in effect since January 1, 2013, where GEICO utilized the Code BA with respect to the payment of any claims.

*Id.* at 22. It also appointed Plaintiff as the Class Representative and Plaintiff's counsel as Class Counsel. *Id.*

Since then, Plaintiff, Class Counsel, and Harvey A. Frank, D.C., P.A. filed a motion asking the Court to allow the intervention of Harvey A. Frank, D.C., P.A. (the "proposed intervenor") as a class representative as well as a named plaintiff. *See* ECF No. [133]. At the Court's recent case management conference, however, Class Counsel clarified that Plaintiff is

only seeking to add the proposed intervenor for purposes of permissive intervention and is no longer seeking his intervention as a class representative. *See* ECF No. [150] at 11. GEICO challenges the proposed intervenor's standing, membership in the class, and ability to intervene as a named Plaintiff in this action. *See* ECF No. [151]. In light of Plaintiff's recent clarification regarding the purpose of the proposed intervention, the Court analyzes whether the proposed intervenor is indeed a member of the class and has an interest relating to the property that is the subject of this lawsuit. The parties also address multiple discovery matters within Plaintiff's Motion for Protective Order and Motion to Enforce. *See* ECF Nos. [146], [152], and [153]. In an effort to provide further clarity and guidance to the parties as to the limited discovery permitted at this late stage of the proceedings, the Court also addresses each of those Motions.

## II.     LEGAL STANDARD

### A.     Intervention

Federal Rule of Civil Procedure 24 allows intervention as a matter of right and on a permissive basis. With regard to each basis, Rule 24 states:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
>> (1) is given an unconditional right to intervene by a federal statute; or
>>
>> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> (b) Permissive Intervention.
>> (1) In General. On timely motion, the court may permit anyone to intervene who:
>>> (A) is given a conditional right to intervene by a federal statute; or
>>>
>>> (B) has a claim or defense that shares with the main action a common question of law or fact.
>> . . .

(3) Delay or Prejudice. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24.

In this Circuit, any party seeking to intervene under Rule 24(a)(2) must show: "(1) [the] application to intervene is timely; (2) [the party] has an interest relating to the property or transaction which is the subject of the action; (3) [the party] is so situated that disposition of the action, as a practical matter, may impede or impair [its] ability to protect that interest; and (4) [the party's] interest is represented inadequately by the existing parties to the suit. *Bellitto v. Snipes*, No. 16-CV-61474, 2016 WL 5118568, at *1 (S.D. Fla. Sept. 21, 2016) (quoting *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989)).

**B.      Protective Orders**

Federal Rule of Civil Procedure 26(c) allows a party from whom discovery is sought to seek a protective order. Fed. R. Civ. P. 26(c). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by, for example, forbidding or limiting the disclosure or discovery of a certain matter or specifying the terms of the discovery. Fed. R. Civ. P. 26(c). The phrase "'[g]ood cause" is a well established legal phrase." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987). "[I]t generally signifies a sound basis or legitimate need to take judicial action." *Id.* The party moving for the entry of a protective order "must make a specific demonstration of facts in support of the request, rather than conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one." *New World Network Ltd. v. M/V NORWEGIAN SEA*, No. 05-22916 CIV, 2007 WL 1068124, at *1 (S.D. Fla. Apr. 6, 2007). To determine whether good cause has been shown, the trial court must balance the competing

factors. *Id.* (citing *Farnsworth v. Procter & Gamble Co.,* 758 F.2d 1545, 1547 (11th Cir.1985); *Dow Chemical Co. v. Allen,* 672 F.2d 1262, 1277–78 (7th Cir.1982)). If the moving party satisfies the good cause showing, the burden shifts to the nonmoving party to prove that the protective order should still not be entered, "either because of undue prejudice or the importance of the discovery at issue." *Id.*

## III.    DISCUSSION

### A.    Motion to Intervene

In support of intervention, Plaintiff and the proposed intervenor argue that the request was made in a timely manner and that Harvey A. Frank, D.C., P.A. has "an interest in this action that may be impaired and may not be adequately protected." *See* ECF No. [133]. As evidence of his interest in this action, they state that Harvey A. Frank, D.C., P.A. "is an assignee of the insurance policy at issue and treated a patient for injuries covered under the policy. . . , submitted claims for bills using CPT codes covered under the policy that Defendant reduced using its code 'BA,' and [] contends that GEICO must pay the full billed amount for each CPT code billed." *See* ECF No. [133] at 5. GEICO does not challenge the timeliness of the request for intervention. *See* ECF Nos. [136] and [151]. Instead, GEICO challenges the proposed intervenor's standing and questions whether it has an interest relating to the property and transaction at issue. *See* ECF No. [136] at 5. Specifically, in its Response, GEICO argues that the actual assignment of benefits was not filed in conjunction with the Motion to Intervene. *Id.* Plaintiff's Reply largely focuses on the adequacy of Dr. Gerber as a class representative and GEICO's inability to attribute such alleged inadequacy to the proposed intervenor. Plaintiff reiterates that the declaration submitted with the Motion to Intervene avers that the proposed intervenor has "a valid assignment" and attaches the assignment of benefits as Exhibit A. *See*

ECF No. [138] at 3, n. 2. The Court allowed GEICO the opportunity to file a Sur-Reply. *See* ECF No. [151]. In that Sur-Reply, GEICO submitted evidence calling into question the validity of the proposed intervenor's assignment and challenging his status as a class member. *Id*. For the reasons explained below, the Court finds that the proposed intervenor does not have an assignment of benefits, lacks standing and cannot be a member of the class. As such, the proposed intervenor does not satisfy the criteria for intervention.

Claims for personal injury protection benefits and medical payments under the Florida Motor Vehicle No-Fault Law are strictly a creature of statute. *See* Fla. Stat. § 627.730 – 627.7405. Under Florida law, a medical provider has standing to make a claim for personal injury protection benefits only if that provider has an assignment of benefits from the patient. *Progressive Exp. Ins. Co. v. McGrath Cmty. Chiropractic*, 913 So. 2d 1281, 1285 (Fla. 2d DCA 2005). "At any one time, only the insured or the medical provider 'owns' the cause of action against the insurer for PIP benefits." *Id.* (citing *Oglesby v. State Farm Mut. Auto. Ins. Co.,* 781 So. 2d 469, 470 (Fla. 5th DCA 2001)). Before a medical provider can file a lawsuit to recover PIP benefits, "the insured must assign his or her right to such benefits under the policy to the medical provider." *Id.* The assignment is more than a condition precedent to file the lawsuit as "it is the basis of the claimant's standing to invoke the processes of the court in the first place." *Id.* A "plaintiff's lack of standing at the inception of the case is not a defect that may be cured by the acquisition of standing after the case is filed." *Id.*

Here, GEICO argues that the proposed intervenor does not have a valid assignment of benefits and, therefore, does not have standing and is not a member of the class. Earlier in this case, this Court recognized GEICO's concern that Plaintiff's proposed class definition could potentially encompass providers that did not have an assignment and, therefore, lacked the

requisite standing under Florida law. *See* ECF No. [65] at 8-9 ("GEICO's concern that the proposed class definition includes putative class members who lack an assignment and, therefore, lack standing, can be remediated by narrowing the scope of the class . . ."). For that reason, when class certification was granted, the Court redefined the class as follows:

> All health care providers *that received an assignment of benefits from a claimant and thereafter, pursuant to that assignment, submitted claims for no-fault benefits* under GEICO PIP policies to which Endorsement FLPIP (01-13) applies, and any subsequent policies with substantially similar language that were in effect since January 1, 2013, where GEICO utilized the Code BA with respect to the payment of any claims.

*See* ECF No. [65] at 9 (emphasis added).

With this background in mind, the Court considers whether the proposed intervenor is a member of the class. In response to Plaintiff's submission of an October 9, 2017 assignment of benefits from patient Thania Brenes to Harvey A. Frank, D.C., P.A., GEICO submitted two additional documents signed by Ms. Brenes relating to her claim for PIP benefits against GEICO. The first document is an "Assignment of Insurance Benefits" and "Authorization to Release Medical Record Information" dated July 19, 2016. *See* ECF No. [151-4]. Within the document, Ms. Brenes "irrevocably assign[ed] to **Harvey A. Frank D.C.** the rights and benefits under any policy of insurance, indemnity agreement, or any other collateral source as defined in Florida Statutes for any service and or charges provided by **Harvey A. Frank D.C.**" *Id.* (emphasis in original). Significantly, the proposed intervenor here is not Dr. Frank, an individual, but a professional association entitled "Harvey A. Frank, D.C., P.A." The July 19, 2016 assignment of benefits was made to Dr. Frank, but not to the proposed intervenor.

Fifteen months later, on October 9, 2017, Ms. Brenes signed two other documents. The first was a "REASSIGNMENT OF BENEFITS," which recognizes that the original assignment provided only Harvey A. Frank, D.C. a right to sue for unpaid services arising from his treatment

of her for the injuries she sustained in a motor vehicle accident on July 8, 2016. *See* ECF No. [151-5]. It further states that the original assignment was "inadvertently" given to Harvey A. Frank D.C. instead of Harvey A. Frank, D.C., P.A. *Id.* For that reason, "[t]he purpose of the reassignment is to permit [Harvey A. Frank, D.C.] to reassign the rights and benefits under the GEICO Policy back to [Thania Brenes], so [Thania Brenes] can then reassign those same rights and benefits to Physician's Professional Association, Harvey A. Frank, D.C., P.A." *Id.* The document then purports to attach a copy of the new reassignment of benefits as Exhibit B. *Id.* Significantly though, nowhere in the "REASSIGNMENT OF BENEFITS" document is there any language in which Dr. Frank reassigned the benefits back to Ms. Brenes. *Id.* There is only language stating an intention to make the reassignment without any language effectuating the reassignment. *Id.* As a result, Ms. Brenes could not have executed a second assignment in favor of the proposed intervenor – the one upon which Plaintiff and the proposed intervenor rely – if Harvey A. Frank, D.C. still held the original assignment. Ms. Brenes was powerless to assign any rights to the proposed intervenor as the original assignment was "irrevocable" and the reassignment of benefits was ineffective. *See Oglesby v. State Farm Mut. Auto. Ins. Co.*, 781 So. 2d 469, 470 (Fla. 5th DCA 2001) (explaining that once an insured makes an unqualified assignment of benefits to a medical provider, the insured can only recover the right to seek benefits from the insurer if the medical provider first reassigns the benefits to the insured).

However, even if the reassignment of benefits was effective, the proposed intervenor cannot retroactively cure the assignment to obtain standing under the Florida Motor Vehicle No Fault Law as it attempted to do here. Florida law requires that a medical provider have an assignment of benefits *at the time the lawsuit to recover PIP benefits is filed*; otherwise, the provider lacks standing. *See Progressive*, 913 So. 2d at 1286. If a medical provider lacks

standing at the time the PIP action is filed, then "the PIP action [is] at best premature," requiring that a new lawsuit be filed once standing is acquired. *Id.* (citing *Livingston v. State Farm Mut. Auto. Ins. Co.,* 774 So.2d 716, 718 (Fla. 2d DCA 2000)).

In this case, Plaintiff filed this class action lawsuit on November 3, 2016. *See* ECF No. [1]. Even if the reassignment of benefits effectively reassigned the benefits to Ms. Brenes and then Ms. Brenes effectively assigned her benefits to the proposed intervenor, such an assignment was not effective until October 9, 2017 - thirteen months after this lawsuit was filed. *See* ECF No. [1-2]. Florida's Motor Vehicle No Fault Law, as interpreted by Florida's appellate courts, does not allow a party to obtain standing on a retroactive basis. Therefore, the Court agrees with GEICO. The proposed intervenor did not have a valid assignment and did not have standing at the time this lawsuit was filed and, therefore, is not a member of the class. As such, the proposed intervenor does not satisfy the requirements of Rule 24 for intervention, requiring that the Motion to Intervene be denied.

### B. Motion for Protective Order and Motion to Enforce

Plaintiff's Motion for Protective Order seeks an order (1) requiring that contacts with any named Plaintiff's patients, any class representative's patients, and any class members' patients regarding matters and issues in this case be done through formal discovery under the Federal Rules of Civil Procedure by way of prior notice and subpoena;[1] (2) disallowing GEICO from asking questions in depositions about specific treatment and billings for patients other than

---

[1] Plaintiff refers to GEICO's recent conduct as "bullying" and "intimidating," suggesting that GEICO has acted improperly. *See* ECF No. [146] at 3. GEICO characterizes these accusations as "offensive" and "scandalous." *See* ECF No. [152] at 2. This Court will not tolerate incivility among lawyers. To the extent that counsel representing either party believes that another member of the Florida Bar acted unethically and violated any of the Rules Regulating the Florida Bar, counsel is duty bound to report such a violation to the Florida Bar. *See* Rule 4-8.3(a), Rules Regulating the Florida Bar (emphasis added) ("A lawyer who knows that another lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question as to that lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects **shall** inform the appropriate professional authority.")

Conor Carruthers; (3) limiting GEICO to completing the deposition of Dr. Gerber and a single corporate representative designated under Rule 30(b)(6) of Harvey A. Frank, D.C., P.A.; and (4) disallowing GEICO from taking the deposition of Amy Gerber. *See* ECF No. [146]. In addition to seeking a protective order, Plaintiff has separately filed a Motion to Enforce, asking the Court to disallow GEICO from deposing or taking any discovery from anyone other than Dr. Gerber. *See* ECF No. [153]. Specifically, Plaintiff states that GEICO recently served a Re-Notice of Taking Deposition of James and Melissa Mancino to take place on October 31, 2017. *See* ECF No. [153-1] and [153-2].

To be clear, with the limited exceptions described below, all fact and expert discovery in this case concluded more than two months ago on August 15, 2017. *See* ECF No. [105]. After discovery closed, the parties filed a Joint Motion to Extend Discovery Deadline, asking the Court to extend the deadline until September 20, 2017 "*limited solely* to complete Plaintiff's corporate representative deposition and conduct Defendant's corporate representative deposition." ECF No. [119] (emphasis added). Based on the parties' joint representation that the additional discovery was limited to two corporate representative depositions, the Court extended discovery until September 20, 2017. *See* ECF No. [120]. Once again, on September 20, 2017, the parties requested an extension of time to complete discovery through October 31, 2017. *See* ECF No. [122]. When granting this extension, the Court clarified that the fact discovery deadline was extended for "the limited purpose of completing the deposition of Dr. Michael Gerber. . . ." *See* ECF No. [123] at 2. At the recent case management conference, the Court did not reopen discovery, denied GEICO's requested extension, and instead reminded the parties that they must complete Dr. Gerber's deposition by October 31, 2017. *See* ECF No. [150].

Given the current *closed* status of discovery, the Court need not enter a protective order requiring that GEICO contact the patients of Plaintiff and any class members through formal discovery under the Federal Rules of Civil Procedure. This is because there will be no additional discovery in this lawsuit other than the completion of Dr. Gerber's deposition as discussed below. Thus, there will be no depositions of any of patients, no deposition of the corporate representative of Harvey A. Frank, D.C., P.A., and no deposition of Amy Gerber.[2] To the extent that GEICO recently served a Re-Notice of Taking Deposition of James and Melissa Mancino, Plaintiff's Motion to Enforce is granted and GEICO is prohibited from going forward with these depositions. The time for completing these expired on August 15, 2017.

In the event the parties are unclear about the nature of the allowed discovery, the Court will provide some additional clarity. Discovery is open until October 31, 2017 for *the limited purpose* of completing Dr. Gerber's deposition. The Court previously authorized this deposition for the purpose of eliciting testimony on three specific topics: "(1) Dr. Gerber's routine billing practices associated with collections between 2013 and the present, (2) the treatment provided to Conor Carruthers, and (3) the 'Emergency Medical Condition' under the Florida No-Fault Law." ECF No. [113]. Although Plaintiff takes issue with GEICO's ability to inquire into Plaintiff's billing practices for anyone other than Mr. Carruthers, this Court previously allowed GEICO to depose Dr. Gerber on his billing practices associated with collections between 2013 and the present without any limitation as to a specific patient. *Id.* Plaintiff did not seek reconsideration of that order and, to the extent the Motion for Protective Order could be deemed such a request, Plaintiff fails to satisfy any of three factors that would warrant reconsideration. *See Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004) ("[T]he courts have delineated three

---

[2] GEICO states that it has no intention of taking the deposition of Amy Gerber. Therefore, this issue is moot.

major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice."). Thus, GEICO will be allowed to make such billing inquiries at the continued deposition of Dr. Gerber.

As to Plaintiff's request that GEICO be disallowed from asking Dr. Gerber about his treatment of patients other than Conor Carruthers, the request is granted. The Court previously entered Order compelling Plaintiff to produce a corporate representative to testify about "the treatment provided to Conor Carruthers." ECF No. [113]. The Order did not allow GEICO to inquire about Dr. Gerber's medical treatment of any other patients. Thus, consistent with the Court's prior Order, *see* ECF No. [113], GEICO may only make inquiries about Dr. Gerber's treatment of Conor Carruthers.

## IV.    CONCLUSION

For all of the reasons stated herein, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Intervene and to Extend Time for Sending Class Notice, **ECF No. [133],** is **DENIED**. To the extent there is no need to modify the class notice to include Harvey A. Frank, D.C., P.A., Plaintiff's request to extend the time period for sending class notice is moot. However, the Court is cognizant that Plaintiff did not mail and email the class notice by the Tuesday, October 10, 2017 deadline because of the requested intervenor. For that reason, Plaintiff shall provide notice to the class members via email, to the extent available, or via a mailed postcard, to the extent email is not available, by **Thursday, November 2, 2017**. Plaintiff shall also file a notice informing the Court when notice was provided to the class no later than **Thursday, November 2, 2017**.

2. Plaintiff's Motion for Protective Order, **ECF No. [146]**, is **DENIED in part** and **GRANTED in part** consistent with this Opinion.

3. Plaintiff's Motion to Enforce Court Orders and/or for Issuance of an Order to Show Cause, **ECF No. [153]**, is **GRANTED** consistent with this Opinion.

**DONE AND ORDERED** in Miami, Florida, this 30th day of October, 2017.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record